PARK *vs.* PARK, executor.

Where, on objection to an executor as an incompetent witness to show the facts stated in his returns, the court held that he was incompetent as to debts and payments between him and the testatrix in her life time, and as to other matters was competent, but afterwards testimony of the character ruled out was given by him, the objecting counsel understanding that his objection continued, while the court understood that it went in without objection, a new trial will be granted.

New Trial. Evidence. Practice in the Superior Court. Before Judge SPEER. Morgan Superior Court. September Term, 1880.

Reported in the decision.

A. REESE; C. HEARD; W. H. BRANCH; P. B. ROBINSON, for plaintiff in error.

J. C. REED; F. C. FOSTER; J. B. PARK, Jr.; H. T. & H. G. LEWIS, for defendant.

SPEER, Justice.

James B. Park, as executor of Betsy Ann Park, made his return to the ordinary of Morgan county in the month of January, 1880, touching certain payments and disbursements he had made for his testatrix and her estate during the years 1857 to 1860 inclusive. To this return Nancy E. Park, a legatee under the will of the testatrix, filed her *caveat.* During the trial of the cause, on the appeal in Morgan superior court, the executor was offered as a witness to establish the truth of said return. On objection made to his competency, the court ruled he was incompetent to testify as to any debts due him or payments made by him in the life time of testatrix—otherwise he was competent. Notwithstanding this ruling, the executor did testify as to matters, etc., that ought to have been excluded under the ruling of the court. Such testimony being elicited by the examination of his counsel, the opposing counsel claimed on the motion for new trial, and also in argument before this court, that their objections were intended and did extend to the exclusion of this illegal testimony, the court not excluding it because he supposed it was admitted without objection. Under this mutual mistake of court and counsel this illegal testimony was admitted and no doubt weighed materially in producing the result found by the jury.

The writer of this opinion was the presiding judge on said trial, and on this statement of facts, with grave doubts as to the correctness of his judgment (as the motion for new trial was not argued), refused the same.

On argument of the cause brought here for review, and after full consultation, this court are of the opinion that the ends of justice require that a new trial of the cause should be had. To refuse it would be to allow a verdict to stand supported largely by the admission of incompetent testimony, admitted through a mutual misunderstanding of the court and counsel who tried said cause, To grant it is simply to remit the parties to another trial. and the exclusion of testimony, which, through mistake, entered into the consideration of the verdict secured. It is not only the privilege but the highest duty of a court to correct grave errors and mistakes that are made in the administration of the laws of the land, so far as it may be within their power.

Without, therefore, passing upon other questions made by this record, we think it due to plaintiff in error that the judgment overruling the motion for new trial should be reversed and a new trial ordered.

Judgment reversed.