SKEEN, receiver, *v.* MOORE, administrator.

1. Where work is done at the instance of one claiming to represent another since deceased, in a suit against the administrator of the deceased person to recover the value of such work the party procuring the work to be done is an incompetent witness, under the Civil Code, § 5269, par. 1 and 4, to prove the liability of the defendant's intestate to the plaintiff.
2. The evidence failed to establish the plaintiff's case, and it was not error to grant a nonsuit.

Argued July 14, — Decided August 12, 1904.

Complaint.   Before Judge Reid.·   City ·court of' Atlanta.
October 28, 1903.

*W. R. Hammond*, for plaintiff. ·
*Anderson, Anderson & Thomas*, for defendant.

EVANS, J.   L. P. Skeen, as receiver of the Paul & Gullatt Manufacturing Company, sued Wilmer L. Moore, administrator of Henry Jackson, to recover an amount alleged to be due for certain plumbing work and material as set out in a bill of particulars attached to the petition.   Upon the close of the plaintiff's testimony, on motion of the defendant, the case was nonsuited. During the progress of the trial, the court refused to admit certain testimony of W. A. Camp, to the effect that defendant's intestate had authorized him to have the work done which made up the items in the account sued on.   The bill of exceptions assigns error on the exclusion of this testimony and on the grant of the nonsuit.   It appeared from the testimony that the Paul & Gullatt Manufacturing Company had a written contract with defendant's intestate to do certain plumbing work.   This contract did not include the items in the account sued on; these items were for extra work and material performed and furnished, the plaintiff claimed and introduced testimony to show, on the orders of W. A. Camp, as the agent of defendant's intestate.   Camp at the time was the lessee of a hotel belonging to Henry Jackson,

67

who gave no orders or instructions relative to the work directly to the Paul & Gullatt Manufacturing Company.    Camp testified that he had no interest in the case; that he did not order the work done, but that one Laine, who was the architect and superintendent of the building, had charge of all that, and whatever was done was by direction of Laine and must have been done by his consent; that the hotel was operated by a corporation, and that he (Camp) represented that company ; that Captain Jackson refused to pay this bill.    Camp further testified that Laine did not authorize him to have the work done, but that the work was done under Laine's supervision as architect; that he knew Laine had ordered Paul & Gullatt Manufacturing Company to do the work, because he had heard him give directions to do this and that work, but did not know whether he was simply directing them how to do it, or whether he was giving an order; that he (Camp) did not know who originally gave the order to the Paul & Gullatt Manufacturing Company, except that some one connected with that company told him that Laine gave the order. Both Paul and Gullatt denied that Laine had given them any directions as to the work, but testified that all the orders had been given by Camp, with whom they dealt upon the faith that he was authorized to act for Captain Jackson.

1. The witness Camp was not permitted to testify that the defendant's intestate had authorized him to incur the indebtedness embraced in the bill of particulars attached to the petition. This testimony was excluded on the ground that the witness was interested in the result of the suit, and was therefore incompetent to testify to conversations and transactions between himself and Captain Jackson.    The ruling of the court was predicated upon the Civil Code, § 5269, paragraphs 1 and 4 :  " Where any suit is instituted or defended  .  .  by the personal representative of a deceased person, the opposite party shall not be admitted to testify in his own favor against  .  .  the deceased person, as to transactions or communications with such  .  .  deceased person." " Where a person not a party, but a person interested in the result of the suit, is offered as a witness, he shall not be competent to testify, if as a party to the cause he would for any cause be incompetent."    Both members of the firm of Paul & Gullatt Manufacturing Company had testified, before the testimony of Camp

was offered, that the witness had ordered the work done. Under their testimony Camp was personally liable, unless he was authorized to act as Jackson's agent in ordering the work done. It was clearly to his interest to fix the liability on the estate of Jackson and thus escape himself. The sole purpose of his testimony was to show that the deceased had authorized the contracting of the debt sued on, and that whatever was done by Camp in connection with the work for which the plaintiff was seeking compensation was done by authority of the dead man. If the witness had been permitted to testify, with no other evidence in rebuttal, a verdict against the Jackson estate would have been inevitable, the satisfaction of which would have relieved the witness of any personal liability. It is insisted by counsel for the plaintiff in error that the interest which would exclude such testimony must be one which is not in dispute. The witness Camp denied that he gave the order to the Paul & Gullatt Manufacturing Company, but both Paul and Gullatt swear that the contract was made with Camp, but credit was given to Jackson. We are unable to see this distinction. Camp's attitude is that he is not liable, firstly, because he did not give the order for the work; and secondly, that if he did give the order, it was given on the authority, in behalf and for the benefit of Jackson. His consistent contention is that he is not liable. Under the evidence the plaintiff is entitled to pay from some one for the work done and material furnished; and from the case made, the liability is either that of Camp or of Jackson. Camp is offered as a witness to prove that the Jackson estate should pay the debt; his interest is that this estate should pay it, and for this reason he is disqualified from testifying to communications and transactions had with the intestate of the defendant. See *Crawford* v. *Parker*, 96 *Ga.* 158; *Neely* v. *Carter*, Ib. 203; *Clements* v. *Western Lodge*, 101 *Ga.* 62.

2. Without the excluded testimony of the witness Camp, the evidence was insufficient to make out the plaintiff's case, and the grant of a nonsuit was the proper direction to give to the case.

*Judgment affirmed. All the Justices concur, except Cobb, J., disqualified.*