222

## 21308.  MORRIS, administrator, *v.* SHAW.

BELL, J.  1. "The husband is bound to support and maintain his wife, and his consent shall be presumed to her agency in all purchases of necessaries suitable to her condition and habits of life, made for the use of herself and the family. This presumption may be rebutted by proof." Civil Code (1910), § 2996.

2. Under the above rule, surgical and medical services furnished by a physician to a wife are presumably supplied on the credit of the husband, and, in the absence of any evidence to the contrary, he and not the wife is the person liable therefor. *Wrightsville & Tennille R. Co.* v. *Vaughan*, 9 *Ga. App.* 371 (4) (71 S. E. 691).

3. In all such cases the presumption as to the liability of the husband can be set aside only by evidence showing an agreement by the wife to become personally liable for the goods or services furnished. *Manley* v. *Chamberlin-Johnson-DuBose Co.*, 41 *Ga. App.* 31 (151 S. E. 676).

4. Where any suit is instituted or defended by the personal representative of a deceased person, the opposite party shall not be admitted to testify in his own favor against the deceased person, as to transactions or communications with such deceased person, whether such transactions or communications were had by such deceased person with the party testifying or with any other person. Where a person not a party, but a person interested in the result of the suit, is offered as a witness, he shall not be competent to testify, if as a party to the cause he would for any cause be incompetent. Civil Code (1910), § 5858, par. 1, 4.

5. In a suit by a physician against the administrator of a deceased wife, to recover for surgical and medical services rendered by the plaintiff to the intestate during her last illness, the surviving husband of the intestate is incompetent to testify as to the making of a special agreement between his deceased wife and the plaintiff physician whereby the wife agreed to become personally responsible for the physician's bill, since the testimony of the husband would tend to shift the liability from himself to the estate of his wife, and his interest in such a result would disqualify him from testifying in behalf of the plaintiff. It is the interest of the witness in that issue, and not an interest in his wife's estate, which operates to disqualify him, and his testimony is therefore not rendered competent by a conveyance of his entire interest in such estate to a third person. *Skeen* v. *Moore*, 120 *Ga.* 1057 (48 S. E. 425); *Crawford* v. *Parker*, 96 *Ga.* 156 (23 S. E. 196).

6. The bill of exceptions as certified alleged both in paragraph 3 and in paragraph 6 that "the only testimony in the case was that of" the husband of the defendant's intestate, and the defendant having objected to the allowance of any testimony from this witness as to transactions or communications with the intestate, and the presiding judge, who tried the case without a jury, having announced in effect that he would hear the testimony but would decide the case only upon such evidence as was competent, and the testimony of the husband being incompetent and inadmissible to establish that the debt sued on was a liability against the estate of the deceased wife and not against himself, a finding and judgment in favor of the plaintiff and against the defendant adminis-

trator was contrary to law and subject to be set aside on due exception by the losing party; and this is true even though each of the assignments of error upon the admission of testimony may have failed to specify any particular portion of the evidence claimed to have been inadmissible under the provisions of section 5858. The statement made by the presiding judge in response to a general objection at the beginning of the trial, that he would consider only such evidence as was legally admissible, was an assurance by the court that the particular evidence claimed to be subject to such objection need not be specifically pointed out, and enabled the defendant to except to the judge's finding and judgment as being without evidence to support it and contrary to law, in that it was based upon evidence which was illegal and inadmissible for the reasons stated in such general objection. See, in this connection, *Park* v. *Park*, 66 *Ga.* 543; 3 C. J. 744, 746, 747.

7. "Where the issues of a case are submitted to the judge, without the intervention of a jury, for his decision upon all matters of fact and of law, and he renders a judgment therein in term time, the losing party may review the judgment either by a direct bill of exceptions or by a motion for a new trial." *Pace* v. *Shields-Geise Lumber Co.*, 147 *Ga.* 36 (92 S. E. 755); *Wilson* v. *Millner*, 29 *Ga. App.* 265 (116 S. E. 122). Hence it was permissible for the losing party to bring the present case to this court by a direct bill of exceptions. Cf. Civil Code (1910), § 6144; *Beall* v. *Mineral Tone Co.*, 167 *Ga.* 667 (146 S. E. 473); *Sheftall* v. *Johnson*, 171 *Ga.* 890 (2) (157 S. E. 94); *Mobley* v. *Ellis*, 37 *Ga. App.* 683 (142 S. E. 321), and cit.

8. Under the above rulings, the judgment in favor of the plaintiff was without any legal and competent evidence to support it, and was therefore contrary to law and must be set aside.

*Judgment reversed.* *Jenkins, P. J., and Stephens, J., concur.*

DECIDED OCTOBER 17, 1931.

*S. F. Garlington,* for plaintiff in error.
*N. M. Reynolds, W. K. Miller,* contra.