23632. UNDERCOFLER, Commissioner v. GRANTHAM TRANSFER COMPANY, INC. et al.

Argued September 12, 1966—Decided October 20, 1966—Rehearing denied October 28, 1966.

*Arthur K. Bolton, Attorney General, Louis F. McDonald, William L. Harper, Assistant Attorneys General,* for appellant.
*Westmoreland & Patterson, Carl E. Westmoreland,* for appellees.

*Heard & Leverett, Robert M. Heard, Hansell, Post, Brandon & Dorsey, Allen Post, Albert G. Norman, Jr.,* for parties at interest not parties to record.

ALMAND, Justice. The Court of Appeals has certified the following question for answer by this court: "Since the passage of the new Appellate Practice Act (Ga. L. 1965, p. 18 et seq.) is a judgment denying a motion for summary judgment reviewable?" From the record accompanying the question, it appears that the only judgment under review is one denying a motion for a summary judgment. Under such a situation the answer to the question is in the affirmative.

Section 1 of the Appellate Practice Act of 1965 (Ga. L. 1965, p. 18 et seq.) provides "(a) Appeals may be taken to the Supreme Court and Court of Appeals from judgments and rulings of the superior courts, the constitutional city courts, and such other courts or tribunals from which writs of error are authorized by the Constitution and laws, in the following instances: 1. Where the judgment is final—that is to say—where the cause is no longer pending in the court below; 2. Where the decision or judgment complained of, if it had been rendered as claimed for by the appellant, would have been a final disposition of the cause or final as to some material party thereto; provided however, that no appeal shall be taken from a decision or judgment in a mandamus or quo warranto proceeding or in any case involving a writ of prohibition, until there has been a final judgment in the trial court as referred to in paragraph 1 above . . . (b) Where an appeal is taken under any provision of paragraph (a) above, all judgments, rulings or orders rendered in the case which are raised on appeal and which may affect the proceedings below, shall be reviewed and determined by the appellate court, without regard to the appealability of such judgment, ruling or order standing alone, and without regard to whether the judgment, ruling or order appealed from was final, or was appealable by some other express provision of law contained in paragraph (a) above, or elsewhere."

Though the wording of Subsection (a) (2) of Section 1 of said Act is practically the same as appears in *Code Ann.* § 6-701 as amended by the Act of 1957 (Ga. L. 1957, pp. 224, 230), this

court in a full bench decision in *Burnam v. Wilkerson,* 217 Ga. 657 (1) (124 SE2d 389), held that in a bill of exceptions assigning error on the overruling of a general demurrer and denying a motion for a summary judgment, this court could not review the judgment denying the motion for a summary judgment because under the Act of 1959 (Ga. L. 1959, p. 234; *Code Ann.* § 110-1201 et seq.) the General Assembly had expressly provided that "an order denying summary judgment shall not be subject to review," and this being the last expression of the General Assembly, the provision in then existing *Code Ann.* § 6-701 that a "decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause" was not in conflict with the Summary Judgments Act of 1959.

Subsequent to the enactment of the Appellate Practice Act of 1965, this court in the case of *Sirmans v. Allen,* 221 Ga. 703 (146 SE2d 761), reviewed a case in which the main appeal enumerated as error the sustaining of a general demurrer and the cross appeal enumerated error on the denial of the cross appellant's motion for a summary judgment. This case is in harmony with the *Burnam* case, supra, in that it recognizes the provisions of Subsection (a) (2) of Section 1 of the 1965 Appellate Practice Act as the last expression of the legislature and controls the question of reviewability of an order denying a motion for a summary judgment.

It is significant that Subsection (a) (2) of Section 1 of the Appellate Practice Act of 1965 (*Code Ann.* § 6-701 et seq.) which provides "where the decision or judgment complained of, if it had been rendered as claimed for by the appellant, would have been a final disposition of the cause or final as to some material party thereto" is followed by the proviso to wit: "Provided, however, that no appeal shall be taken from a decision or judgment in a mandamus or quo warranto proceeding, or in any case involving a writ of prohibition, until there has been a final judgment in the trial court as referred to in paragraph 1 above." Said paragraph 1 reads "where the judgment is final— that is to say—where the cause is no longer pending in the court below."

In *Barnett v. D. O. Martin Co.*, 191 Ga. 11 (11 SE2d 210, 131 ALR 725), at page 14 this court quoted with approval from 25 R.C.L. 983, § 230 as follows: "It is well established that an exception in a statute amounts to an affirmation of the application of its provisions to all other cases not excepted, and excludes all other exceptions." *Barnett* cited the case of *Washington v. Atlantic C. L. R. Co.*, 136 Ga. 638 (71 SE 1066), where at page 644 the court quoted the following from 2 Lewis' Sutherland on Statutory Construction (2d Ed.), p. 672: " 'The exception of a particular thing from the operation of the general words of a statute shows that in the opinion of the lawmaker the thing excepted would be within the general words had not the exception been made.' " See also 82 CJS 889, Statutes, § 382.

It therefore appears the legislature in excepting the three classes of cases (mandamus, quo warranto and writ of prohibition) from the operation of Section 1(a) (2) of the 1965 Appellate Practice Act intended it to apply to all other cases, which includes appealing an order denying a motion for summary judgment.

*Question is answered in the affirmative. All the Justices concur.*