## 43233. PASSMORE v. TRUMAN & SMITH INSTITUTE, INC.

QUILLIAN, Judge. Nina M. Passmore sued out a distress warrant in the Municipal Court of Columbus against Truman & Smith Institute, Inc., and sought recovery of alleged back due rent, plus attorney's fees, for certain described premises. After a levy on the defendant's property, it filed a counter affidavit which recited that the sum distrained for by the plaintiff was not due and that the plaintiff was indebted to the defendant for damages resulting from numerous breaches on the part of the plaintiff of her obligations under the rental contract entered into by the plaintiff and the defendant.

The defendant moved for a summary judgment on the ground that there was no genuine issue as to any material fact. In support of the motion the defendant offered depositions and two rental agreements. After a hearing and argument of counsel, the trial judge granted the defendant's motion for summary judgment. The plaintiff appeals from that order

and enumerates error based on two grounds: (1) that the court erred in granting summary judgment because the Municipal Court of Columbus is not a court of record under *Code Ann.* § 110-1209 (in effect at the time of hearing); (2) that there was a genuine issue of material fact, hence the court erred in resolving the case as a matter of law.

The defendant, appellee here, filed in this court a motion to dismiss the appeal on the ground that its cross claim was still pending in the court below; thus the present appeal is premature. *Held:*

1. In a distress warrant proceeding a tenant can defend by setting up and showing the landlord owes him damages equal to or exceeding the rent claimed by reason of the landlord's violation of the same contract under which rent is contended to be due. This is a case in which it is permissible to plead recoupment, and where the damages are proved and they exceed the amount of the rent due, the tenant is entitled to a judgment against the landlord for the excess. *Weaver v. Roberson,* 134 Ga. 149, 158 (67 SE 662).

There was no motion to strike the counter affidavit or any averments therein including the counter claim. Whether the defendant's claim, as contained in the counter affidavit, included all necessary allegations to constitute a valid counter claim or whether it would be subject to demurrer is not now before this court for determination. As held in *Wallace v. Eiselman,* 219 Ga. 307, 309 (133 SE2d 355): "It is contended by the petitioner, however, that the defendants are not as a matter of law entitled to recover attorney's fees in the present suit. Whether or not the defendants can or cannot recover attorney's fees is not before us. The record discloses that the claim is asserted and is presently pending as a litigated issue in the trial court. As long as that issue remains pending in the trial court there has not been a final disposition of the cause in the trial court."

Where the defendant's answer seeks affirmative legal relief germane to the plaintiff's suit the dismissal of the plaintiff's suit does not carry with it the defendant's cross action. *Chemetron Corp. v. Southern Nitrogen Co.,* 102 Ga. App. 577 (117 SE2d 180); *Brown v. Elliott,* 115 Ga. App. 89, 90 (153 SE2d 665). With the cross action still pending the appeal is premature since there is not a final judgment under *Code Ann.* § 6-701 (Ga. L. 1965, p. 18).

2. The appellant contends that under the summary judgment statute (*Code Ann.* § 110-1208), applicable to the instant case, an order granting a summary judgment on any issue shall be appealable. However, in *Parker v. Averett,* 113 Ga. App. 576 (149 SE2d 199) this court held that the Summary Judgment Act of 1959 was subordinate to the Appellate Practice Act of 1965, and the appealability of a motion for summary judgment was dependent on the provisions of that Act and not of the Summary Judgment Act. See *Undercofler v. Grantham Transfer Co.,* 222 Ga. 654 (151 SE2d 765). Thus, the grant of a summary judgment would not be appealable where the case is still pending in the lower court.

 *Appeal dismissed. Jordan, P. J., and Deen, J., concur.*

ARGUED NOVEMBER 9, 1967—DECIDED DECEMBER 5, 1967.

*Edward P. Murrah, Jr.,* for appellant.

*Hatcher, Stubbs, Land & Rothschild, Albert W. Stubbs,* for appellee.