43513.    McLEOD v. WESTMORELAND et al.

ARGUED MARCH 5, 1968—DECIDED APRIL 19, 1968.

*Charles F. Johnson*, for appellant.

*Donald E. O'Brien, Frank Strickland, Marcus B. Calhoun, John L. Westmoreland, Jr.*, for appellees.

QUILLIAN, Judge. ■ Ordinarily the dismissal of an answer and cross action is not an appealable judgment. *Hood v. Akins,* 114 Ga. App. 733 (152 SE2d 704); *Norbo Trading Corp. v. Wohlmuth,* 223 Ga. 258 (154 SE2d 224). Under *Parker v. Aver-*

*ett,* 113 Ga. App. 576 (149 SE2d 199) and *Undercofler v. Grant-ham Transfer Co.,* 222 Ga. 654 (151 SE2d 765) it was held that the Appellate Practice Act (Ga. L. 1965, p. 18), being the last expression of legislative intent, controlled over the Summary Judgment Act (*Code Ann.* § 110-1209 (Ga. L. 1959, pp. 234, 236)); hence, the appealability of a judgment was determined by the applicable provisions of the Appellate Practice Act.

However, the Civil Practice Act (Ga. L. 1966, pp. 609, 660; Ga. L. 1967, pp. 226, 238) now provides: "An order granting summary judgment on any issue, or as to any party, shall be subject to review by appeal." While that portion of the Act relating to the denial of a summary judgment treats with the question of reviewability, the tenor of the Act deals with the appealability as is evidenced by the amendatory proviso which reads: "Said Act is further amended by striking Section 56 (h), relating to appeal of orders denying summary judgment, and by substituting in lieu thereof the following." Ga. L. 1967, p. 238, § 25. Thus, in construing the statutes the clear and last expression of the legislative intent is to except summary judgments from the general appealability provisions of *Code Ann.* § 6-701 (Ga. L. 1965, p. 18) and to allow an appeal where a summary judgment is granted on any issue or as to any party even though the case is still pending within the purview of *Code Ann.* § 6-701. The instant judgment is subject to review by appeal and we therefore consider the case on its merits.

Nothing in *Passmore v. Truman & Smith Institute,* 116 Ga. App. 803 (159 SE2d 92), is contrary to what is here held since the *Passmore* case was decided, based on authority of *Parker v. Averett,* 113 Ga. App. 576, supra, and *Undercofler v. Grantham Transfer Co.,* 222 Ga. 654, supra, under the law prior to the Civil Practice Act.

■ The trial judge overruled the plaintiffs' general demurrer to the defendant's cross action. Hence, assuming arguendo that the law of the case fixed the right of the defendant to recover if the facts supported the allegations of the cross action, we now consider the motion for summary judgment in this posture.

The plaintiffs, by affidavit and depositions, submitted proof that: the defendant had seen the contract prior to the offer of

settlement since she had executed it and initialed each page thereof; the representative of the plaintiffs' firm (to the best of his recollection) never heard of any guarantee or endorsement by the corporate stockholders; this was substantiated by Waco's attorney who, although he was not present at the particular final meeting, carried out the negotiations and finalization of the agreement and related he was never given any instructions as to providing for personal guarantee or endorsement; he further stated that in several similar transactions the two shareholders of the corporation never gave their personal endorsement.

The defendant attempted to counter this proof by an affidavit which in effect was only a verification of the allegations of the answer and cross action. This, under the rulings of *Scales v. Peevy*, 103 Ga. App. 42, 47 (118 SE2d 193) and *Crutcher v. Crawford Land Co.*, 220 Ga. 298 (138 SE2d 580), is not sufficient to withstand a motion for summary judgment.

The only other proof submitted in opposition to the motion is found in the deposition of Mr. Tanner, one of the two stockholders of Waco. He testified that at the time of the oral finalization of the agreement Dr. Greene, the other shareholder, agreed to personally guarantee payment to the defendant. Thus, the defendant contends a material issue of fact is presented.

We find no merit in this contention. In view of the allegations of the answer there is serious doubt as to whether a dispute as to this fact alone would preclude the grant of a summary judgment. Moreover, although on summary judgment the evidence is construed most strongly in favor of the party opposing the motion, we must consider the evidence as a whole to ascertain its manifest import. Here Tanner testified that he, personally, never agreed to guarantee payment (thus contradicting the allegations that both agreed) and in explaining the circumstances of Dr. Greene's statement he related: "Dr. Greene had a, was always one to say, 'Well, we will back this up personally.' That is what he would say. I think that he felt that he would. Of course, I didn't say anything really, but he would do that."

In answer to a question as to whether anything was said about an agreement between Waco and the defendant providing for any personal liability on the obligation the witness responded:

"Well, to be perfectly frank with you, he said it and I used to say to Doc, 'Look, Doc, we have got a corporation,' I said, 'We can't personally guarantee these things.' He said, 'Well, I always feel that we can personally back them up. We should personally back them up.' I have discussed it with him before when he would say, 'We'll personally guarantee it.' I said, 'Doc, we can't personally guarantee this.' He said, 'I feel if we take people's money we should be able to personally guarantee it.' I don't think we got a purchase or something that he didn't more or less bring this up, but frankly I would have, I knew that I could not personally back it up, I didn't have the money to personally back anything up like that."

There is no showing that Dr. Greene would have been willing to individually guarantee payment but only that he would be willing, apparently if Tanner also would, to act as a co-endorser or guarantor.

The trial judge did not err in granting the motion for summary judgment.

*Judgment affirmed. Bell, P. J., and Hall, J., concur.*