49557. THOMAS et al. v. ALLSTATE INSURANCE COMPANY.

EBERHARDT, Presiding Judge.

Robert Thomas filed a complaint against Allstate

Insurance Company May 17, 1973 seeking recovery of certain medical expenses incurred on behalf of his wife, and on August 28, 1973 moved to add as an additional plaintiff, his wife, Mattie R. Thomas, and on the same date an order was entered adding her as plaintiff in the suit.

Defendant moved for summary judgment as to Robert Thomas and, after hearing, an order sustaining the motion and granting summary judgment against him was made and entered by filing with the clerk of the court October 26, 1973.

Thereafter, on December 14, 1973, defendant moved for summary judgment against Mattie R. Thomas, and, after hearing, the motion was sustained and an order for summary judgment was made and entered by filing it with the clerk of the court March 28, 1974.

On April 29, 1974 plaintiffs filed a joint Notice of Appeal as to these two judgments. Against a motion to dismiss the appeal because of lateness in filing, appellants contend that while the judgments were signed by the judge and filed with the clerk on the dates indicated, entries thereof were not made on the docket until April 9, 1974. *Held:*

1. Section 5 of the Appellate Practice Act (Ga. L. 1965, p. 18) found in Code Ann. § 6-803, provides that "A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of..." and § 58 (b) of the Civil Practice Act, found in Code Ann. § 81A-158 (b), provides that "The filing with the clerk of a judgment, signed by the judge, constitutes the entry of such judgment . . ." We find nothing in either the Appellate Practice Act or the Civil Practice Act, or in the decisions which have construed and applied the provisions relevant here that requires the entry of the judgment or order on the court docket. The filing of the judgment, after it has been signed by the judge, with the clerk is all that the statute requires to complete the entry of it.

Was the Notice of Appeal timely filed?

(a) We conclude that as to Robert Thomas it was not. Code Ann. § 81A-156 (h) provides that "An order granting summary judgment on any issue, or as to any

party, shall be subject to review by appeal." And this is true irrespective of whether the grant of summary judgment as to one of the parties leaves the case pending. *Whisenhunt v. Allen Parker Co.,* 119 Ga. App. 813, 816 (1) (168 SE2d 827). Consequently, when the judgment was entered against Robert Thomas on October 26, 1973 it was incumbent upon him to file a Notice of Appeal as to that judgment within 30 days if he wished to have it reviewed (Code Ann. § 81A-156 (h), § 6-803; *McLeod v. Westmoreland,* 117 Ga. App. 659 (1) (161 SE2d 335)), for, as to him the judgment was final. The notice was not filed until April 29, 1974, was too late, and as to him the appeal must be dismissed.

(b) Mrs. Mattie Thomas was added as a party plaintiff by order of the court dated August 28, 1973 allowing it. A separate motion for summary judgment against her was filed December 14, 1973 and, after hearing, the motion was sustained and a summary judgment granted and entered March 28, 1973. We take judicial notice that April 27, 1974, the 30th day from the entering of the judgment fell on a Saturday and that under Code § 102-102 (8), as amended, the notice could be filed on the following Monday, April 29. It was filed on that date and the appeal of Mrs. Mattie Thomas was timely.

2. The items for which recovery is sought are all hospital, medical, etc. expenses incurred for services rendered to the wife in treating her for injuries arising out of the same occurrences for which the husband, Robert Thomas, was responsible, and for which he was entitled to recover, absent any showing that the wife entered into an agreement with the party or parties supplying the services to be personally liable therefor. Since the husband is legally responsible for providing these items for the benefit of his wife there is a presumption that they were supplied on his credit, and not that of the wife. *Morris v. Shaw,* 44 Ga. App. 222 (2) (160 SE 820); *Scott v. Simpson,* 46 Ga. App. 479 (4) (167 SE 920). "In the event of injury to the wife, the right to recover the expenses incurred for medical, hospital and funeral bills is not in her but in her husband, unless there are special circumstances, as where the wife contracts to

be personally bound." *Complete Auto Transit v. Floyd,* 214 Ga. 232, 239 (104 SE2d 208). On motion for summary judgment, as in other situations, presumptions operate for both the moving and the opposing party, and it is the burden of the party against whom the presumption arises to rebut it. Engl v. Aetna Life Ins. Co., 139 F2d 469 (CCA, 2d Cir.)

The defendant introduced a release from the husband, Robert Thomas, acknowledging payment to him of $1,525.50 in full settlement of the claim. Mrs. Thomas utterly failed to rebut that evidence or to come forward with evidence under which she should be entitled to recover notwithstanding the settlement made with her husband and notwithstanding the fact that the liability for the items was that of her husband and not of herself. She made no showing that she had in any manner obligated herself to pay the items. Thus, she failed in the duty imposed on her by Code Ann. § 81A-156 (e) and by *Crutcher v. Crawford Land Co.,* 220 Ga. 298 (3) (138 SE2d 580). "[I]t is the duty of each party at the hearing on the motion for summary judgment to present his case in full." *Summer-Minter & Associates v. Giordano,* 231 Ga. 601, 604 (203 SE2d 173).

Moreover, there stands in the same case the judgment against the husband, from which there was no timely appeal, and which is now binding on the parties to it, and which, by the doctrine of estoppel by judgment proscribes a recovery by the wife for the same alleged indebtedness. The judgment was entered against the husband on the basis that he had accepted from the insurer $1,525.50 and had given his release for the claim. The judgment was entered against the wife because the liability for payment of the indebtedness to those who had rendered the services was that of the husband and not that of the wife, and that the insurer could not be held liable for a double payment thereof.

On the merits we think the trial court was correct.

*Appeal of the husband dismissed. Judgment affirmed as to the wife. Deen and Stolz, JJ., concur.*

ARGUED JUNE 27, 1974 — DECIDED OCTOBER 18, 1974 —

REHEARING DENIED OCTOBER 31, 1974 — 

*William R. Parker,* for appellants.
*Dennis & Fain, Thomas S. Carlock, Martin D. Chitwood,* for appellee.