## 50050. FASTENBERG et al. v. ASSOCIATED DISTRIBUTORS, INC.

CLARK, Judge.

Was the notice of appeal timely filed? Appellee poses this jurisdictional question via motion to dismiss.

The notice of appeal was filed in the clerk's office on August 16, 1974. It recites, in part: "Notice is hereby given that Arthur Fastenberg, et al., d/b/a Arthur Fastenberg & Associates, plaintiffs herein, hereby appeal to the Court of Appeals of Georgia from the order . . . entered July 23, 1974, denying the plaintiffs' Motion for Reconsideration and from the order . . . entered June 3, 1974, granting the Motion for Summary Judgment of defendant, Associated Distributors, Inc."

Under the rationale of *Adamson v. Adamson,* 226 Ga. 719 (177 SE2d 241), we must rule that the notice of appeal was filed too late. In that case, our Supreme Court held: "The instant appeal is not timely since a 'motion for reconsideration' of an order denying summary judgment is not included among those motions enumerated in Code Ann. § 6-803 . . . which automatically extend the filing date for a notice of appeal. It follows that the notice of appeal filed on May 22, 1970, from the judgment of the court of May 1, 1970, denying the 'motion for reconsideration' of the judgment of March 24, 1970, is not timely." Accord, *Groenendijk v. Groenendijk,* 226 Ga. 800 (177 SE2d 686). See also, *Williams v. Keebler,* 222 Ga. 437 (150 SE2d 674) (motion to set aside does not extend the filing date for a notice of appeal); *Wilson v. McQueen,* 224 Ga. 420 (162 SE2d 313) (supersedeas does not extend the filing date for notices of appeal); *Taylor v. City of Columbus,* 228 Ga. 493 (186 SE2d 539) (motion to alter or amend does not extend the time for filing a notice of appeal); *Bernath Barrel v. Ostrum Boiler Serv.,* 131 Ga. App. 140 (205 SE2d 459) (modification of order and judgment does not extend the filing date for a notice of appeal).

Appellant contends the notice of appeal should be considered timely because it was not until July 23, 1974 that the clerk marked the order as having been filed on June 3, 1974. In support of this contention appellants have submitted a "Stipulation of Facts Concerning Entry of Order Dated June 3, 1974." This stipulation recites, in part: "On June 3, 1974 . . . the Honorable Harold Banke, Judge, Clayton Superior Court, signed the order granting Associated Distributors, Inc.'s Motion for Summary Judgment. On that same day, June 3, 1974, the signed order was delivered to and received by the office of the clerk. However, on June 3, the clerk failed to mark the order as filed, and did not record the signing of the order on the docket. . . After the July 23, 1974 hearing on the Motion for Reconsideration . . . it was noted by the attorneys for both Appellants and Appellee that the order dated June 3, 1974 had not been marked as filed and had not been recorded on the docket. . . These attorneys brought this to the attention of the clerk, and at that time

and with their consent, the Clerk marked the order dated June 3, 1974 as having been filed on June 3, 1974, and recorded it on the docket as having been filed on June 3, 1974. . . In summary, on July 23, 1974, each of the above-described documents and orders was marked as having been filed on the date they were *actually delivered to the clerk and received in his office,* and corresponding entries were made on the docket showing such dates." (Emphasis supplied.)

In *Thomas v. Allstate Ins. Co.,* 133 Ga. App. 193 (210 SE2d 361), appellants, confronted with a motion to dismiss on the ground that the appeal was not timely, contended "that while the judgments were signed by the judge and filed with the clerk on the dates indicated, entries thereof were not made on the docket until April 9, 1974." Concluding that appellants' appeal was, nevertheless, not within the required period of time this court stated: "Section 5 of the Appellate Practice Act (Ga. L. 1965, p. 18) found in Code Ann. § 6-803, provides that 'A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of . . .' and § 58 (b) of the Civil Practice Act, found in Code Ann. § 81A-158 (b), provides that 'The filing with the clerk of a judgment, signed by the judge, constitutes the entry of such judgment. . .' We find nothing in either the Appellate Practice Act or the Civil Practice Act, or in the decisions which have construed and applied the provisions relevant here that requires the entry of the judgment or order on the court docket. *The filing of the judgment, after it has been signed by the judge, with the clerk is all that the statute requires to complete the entry of it."* P. 194. (Emphasis supplied.)

As the order granting appellee's motion for summary judgment was filed in the clerk's office on June 3, 1974, the time within which the notice of appeal must have been filed is to be computed from that date. That the clerk *subsequently* marked the order and made the entry on the docket is immaterial.

*Appeal dismissed. Pannell, P. J., and Quillian, J., concur.*

SUBMITTED JANUARY 9, 1975 — DECIDED FEBRUARY 7, 1975 —

REHEARING DENIED MARCH 10, 1975 — 

*Bynum & Kell, Joe H. Bynum, Jr.,* for appellants.
*Sutherland, Asbill & Brennan, C. Christopher Hagy,*
*Charles A. Shanor,* for appellee.