### 51457. LEWIS & SHERON ENTERPRISES, INC. v. GREAT A & P TEA COMPANY, INC.

DEEN, Presiding Judge.

Appellant, plaintiff below, seeks to appeal from the granting of a summary judgment for the defendant-appellee. The record reveals that this order of the trial judge was filed with the clerk on July 11, 1975, and the notice of appeal was filed on August 14, 1975. Under Code Ann. § 6-803 the notice of appeal must be filed within 30 days after entry of the appealable decision or judgment complained of. Filing with the clerk of a judgment signed by the trial judge constitutes entry of judgment within the meaning of the 1965 Appellate Practice Act. *Langdale Co. v. Day,* 115 Ga. App. 30 (1) (153 SE2d 671); Code Ann. § 6-903. No extension of time for filing a notice of appeal, as required by Code Ann. § 6-804, appears in the record. The appellant urges that clerk's "docket sheet" indicated that a judgment had been entered on July 16, 1975, and that its notice of appeal is therefore timely. We have rejected this argument before, noting that it is the filing of a judgment, signed by the judge, with the clerk which starts the running of the

applicable 30-day limit and not the clerk's subsequent entry on the docket. *Thomas v. Allstate Ins. Co.,* 133 Ga. App. 193 (210 SE2d 361); *Fastenberg v. Associated Distributors, Inc.,* 134 Ga. App. 213 (213 SE2d 898). We reiterate that the party desiring to take an appeal has the burden of finding out when the judgment is filed with the clerk and he cannot rely on the subsequent entry of the order on the docket sheet. See *Jordan v. Caldwell,* 229 Ga. 343 (191 SE2d 530).

The record shows that appellant's notice of appeal to have been filed more than 30 days after entry of the judgment without benefit of an extension of time for such filing. This court is without jurisdiction to review the judgment entered below because of appellant's failure to perfect its appeal pursuant to the Appellate Practice Act.

*Appeal dismissed. Stolz, J., concurs. Evans, J., concurs specially.*

ARGUED OCTOBER 30, 1975 — DECIDED NOVEMBER 24, 1975 — REHEARING DENIED DECEMBER 4, 1975.

*Ben F. Sweet,* for appellant.
*Carter, Ansley, Smith & McLendon, M. D. Mc-Lendon, Thomas C. Benedict,* for appellee.

EVANS, Judge, concurring specially.

"There ought to be a law!" We have heard that plaintive note so many times, and yet it fits the case here like a glove. An appeal must be filed to this court within 30 days from the date when the trial judge's order or judgment is filed with the clerk of the lower court. Code Ann. § 6-803.

Here the judgment was filed with the clerk on July 11, 1975, and the appeal was filed on August 14, 1975, just three days too late. What a burden the law imposes on the practicing lawyer when a judge signs a judgment! The lawyer must go to the clerk's office every day until the judgment is finally filed, so he may know that his appeal must be filed within 30 days thereafter. Does this make sense? Suppose he waits 15 days after the judgment was signed, assuming it has been filed, and files his appeal

only to learn later on that the *trial judge had not yet filed the judgment with the clerk*. In that case, he would have filed his appeal too soon, or too late, depending on which way you look at it.

The law ought to require the trial judge to definitely let counsel for all parties know the exact date he signs the judgment, and the date for appealing should begin to run from that date — and not from the date when he files it with the clerk. Or the law should require the clerk to notify counsel for all parties on the very day when the judgment is filed by the trial judge with the clerk, and then counsel would know how many days he has in which to appeal.

But surely we are in the horse-and-buggy days when a lawyer has to inquire of the clerk each and every day as to whether a certain judgment has been filed. How does the clerk find time to transact the other business of his office as he answers the lawyers who anxiously wish to know whether their judgment has been filed in the clerk's office.

In the not-too-distant past we had the simple remedy as to appeal by presenting a bill of exceptions to the judge of superior court, and upon his signing it, he returned it to counsel who was allowed 15 days in which to file it with the clerk; the clerk had 10 days thereafter to make up the record and transmit to the appellate court. And when the appellate court notified counsel, he had a specified number of days in which to file a brief. But that must have been altogether too simple, too convenient. Some wise men met one day and decided to re-write our law. They wrote the New Appellate Procedure Act, effective in 1965; the Civil Practice Act, effective in 1967, and the New Criminal Code, effective in 1969.

It is my opinion that the law took a great beating when these smart men decided to re-write our laws. Let us remember that "all change is not progress," as we learn day by day; and Biblical authority admonishes us to "Prove all things — hold fast that which is good!" What evil did they find in a bill of exceptions?

And so the unfortunate appellant in this case falls victim to the sagacity of those who re-wrote our laws and placed an insufferable burden on those lawyers who earn

their bread and meat and support their families by the practice of law. I have to — most reluctantly — concur in the dismissal, and extend heart-felt sympathy to the hapless victim who was so unwary as to get caught in the trap.