## 59584. MINNICH v. FIRST NATIONAL BANK OF ATLANTA.

BANKE, Judge.

Appellant appeals the dismissal of his motion for a new trial for lack of jurisdiction. The issue is whether the motion was timely filed.

The final judgment in the case was signed by the trial judge on August 14, 1979, and was marked filed in the clerk's office on August 15, 1979. Appellant filed his motion for new trial on September 14, 1979. However, at the hearing on the motion, counsel for appellee testified that after the order was signed on the 14th of August, he immediately took it to the office of the "calendar clerk," which was located a floor above the office of the clerk of court. Based on this testimony, the trial court concluded that the order had been filed on the 14th and consequently concluded that the motion for new trial was not timely filed. *Held:*

"The rule is clear under the Civil Practice Act (Code Ann. § 81A-158 (b)), and under the Appellate Practice Act (Code Ann. § 6-903), that a judgment is effective only upon *entry,* and that *filing* a judgment signed by the judge with the clerk constitutes entry." *Bowen v. State,* 239 Ga. 517, 518 (238 SE2d 62) (1977). The testimony of counsel that the document was left with the "calendar clerk" on August 14 does not controvert the indication on the document itself that it was filed on August 15. This is not to say that the notation or stamped date of filing can never be controverted. However, under the facts of this case, we hold that the appellant was entitled to rely upon the filing date stamped on the document. Accordingly, appellant's motion for a new trial was timely, and it should have been considered on the merits.

*Judgment reversed. McMurray, P. J., and Smith, J., concur.*

ARGUED MARCH 12, 1980 — DECIDED APRIL 7, 1980 —
REHEARING DENIED APRIL 17, 1980.

*M. David Harrison, Michael H. Saul,* for appellant.
*Richard B. Freeman, Mary Catherine Ealick,* for appellee.