64496. GATES RENTAL, INC. et al. v. PERRY.

SHULMAN, Presiding Judge.

After a trial lasting several days, a jury verdict against appellants was returned on Saturday, August 15, 1981. On that same day, a judgment was prepared and was marked with a stamp reading "FILED IN OPEN COURT THIS THE *15TH* day of *August 1981* [s/] *Cheryl S. Blackmon* Deputy Clerk." (Emphasized portions handwritten.) On the following Monday, August 17, 1981, the judgment was taken to the office of the clerk of the superior court and was marked with another stamp showing that it was "FILED IN OFFICE" on that date. Appellants filed a motion for new trial on September 15, 1981, but it was dismissed on appellee's motion on the ground that it was not timely filed. We are constrained to agree with the trial court's determination.

1. In ruling on the motion to dismiss appellants' motion for a new trial, the trial court found that the person with whom the judgment was filed was a "legally authorized Deputy Clerk of the Superior Court of Fulton County . . . authorized to file pleadings and judgments . . ." There is nothing in the record contrary to that finding by the trial court. Contrary to appellants' assertion, *Minnich v. First Nat. Bank,* 154 Ga. App. 439 (268 SE2d 688), and *Fastenberg v. Associated Distributors,* 134 Ga. App. 213 (213 SE2d 898), do not hold that a judgment is filed when delivered to the clerk's office.

Instead, those cases conclude that the phrase "entry of judgment" requires only that a judgment be signed by a judge and filed with the clerk. Neither the *place* of filing nor the deputy status of the clerk is crucial. See Code Ann. § 24-2713. It is our conclusion, therefore, that the filing of the judgment in open court with a deputy clerk was the entry of judgment within the meaning of Code Ann. § 81A-158 (b). Accordingly, the period in which a motion for new trial could be filed began to run on August 15, 1981, not August 17, 1981. It follows that the filing of appellants' motion on September 15, 1981, was not within the 30 days permitted for the filing of such a motion by Code Ann. § 70-301. The consequence of that tardiness in filing is that the time for filing a notice of appeal from the judgment was not tolled by the filing of the motion for new trial. *Smith v. Forrester,* 145 Ga. App. 281 (243 SE2d 575).

" 'Thus, when the 30-day period after the entry of the judgment on the verdict expired, no notice of appeal having been filed, no extension of time therefor obtained, nor a motion filed which would toll the time for the filing of the notice of appeal, the judgment, unappealed from within 30 days, became the law of the case; hence, the trial court was without jurisdiction to rule on . . . the motion for new trial . . . Accordingly, everything that occurred subsequent to the 30-day period after entry of the judgment on the verdict was a nullity, including the present appeal from the ruling on the void motions; . . .' *Venable v. Block,* [141 Ga. App. 523, 525 (233 SE2d 878)]. Although in general we prefer that cases be determined on their merits, we reluctantly conclude that this appeal must be dismissed." *Smith,* supra, p. 283.

2. Since we find that appellants presented this court with a legitimate question of procedure to decide, we hold that the appeal was not taken for purposes of delay only. Therefore, appellee's motion for damages under Code Ann. § 6-1801 is denied.

*Appeal dismissed. Quillian, C. J., and Carley, J., concur.*

DECIDED NOVEMBER 4, 1982 —

*Duane B. Jackson, Noll H. Benedict,* for appellants.
*Jerry B. Blackstock, Karen Wildau, M. Kathryn O'Shields, Yehuda Smolar,* for appellee.