## 73368. STORCH v. HAYES MICROCOMPUTER PRODUCTS, INC.
(353 SE2d 350)

SOGNIER, Judge.

A jury verdict against Robert Storch was returned on April 24, 1986. On that same day, a judgment was prepared and was marked with a stamp reading "Filed in Open Court, This 24th Day of April, 1986 [s/] Thelma Wyatt-Cummings Judge, State Court of Fulton County." The judgment was taken to the office of clerk of the state court and was marked with another stamp showing that it was "Filed In Office" on May 2, 1986. Storch filed his notice of appeal in this court on May 30, 1986. Hayes Microcomputer Products, Inc. moved to dismiss this appeal and we are constrained to agree.

The filing with the clerk of a judgment, signed by the judge, constitutes the entry of judgment. OCGA §§ 5-6-31; 9-11-58 (b). See *Minnich v. First Nat. Bank*, 154 Ga. App. 439 (268 SE2d 688) (1980). Nothing in either the Appellate Practice Act or the Civil Practice Act requires the entry of the judgment on the court docket. *Fastenberg v. Assoc. Distrib.*, 134 Ga. App. 213, 215 (213 SE2d 898) (1975); *Thomas v. Allstate Ins. Co.*, 133 Ga. App. 193, 194 (1) (210 SE2d 361) (1974). Although the statutes provide that the filing of judgment is with the *clerk*, OCGA § 9-11-5 (e) authorizes the judge to permit pleadings and other papers to be filed with him, in which case he shall note thereon the filing date and forthwith transmit them to the office of the clerk. The record here indicates the trial judge followed the procedure set forth in OCGA § 9-11-5 (e) and allowed the judgment to be filed with her. Compare *English v. Atlanta Transit*, 134 Ga. App. 621, 623 (2) (215 SE2d 304) (1975). Although OCGA § 9-11-5 applies to the Civil Practice Act, the rationale of this statute is equally applicable to the Appellate Practice Act, especially in view of the fact that the language in OCGA § 9-11-58 (b) is virtually identical to the language in OCGA § 5-6-31 and the two statutes have frequently been construed together. See *Fastenberg; Minnich*, supra. It is our conclusion, therefore, that the filing of the judgment in open court with the trial judge was the entry of judgment within the meaning of OCGA § 5-6-31. *Gates Rental v. Perry*, 164 Ga. App. 297 (297 SE2d 79) (1982).

Although in general we prefer that cases be determined on their merits, we reluctantly conclude that this appeal must be dismissed.

*Appeal dismissed. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED JANUARY 14, 1987 —
REHEARING DENIED JANUARY 28, 1987.

*George R. Dean*, for appellant.
*James W. Hawkins, Jerry B. Blackstock*, for appellee.