**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and BRANCH, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 26, 2014**

# In the Court of Appeals of Georgia

A13A2336. MILES v. PAYNE.

PHIPPS, Chief Judge.

Jauanna Miles appeals from two orders entered in favor of her ex-husband, Lonnie Payne: (1) a final order denying her petition for custody of their minor child; and (2) a judgment awarding Payne attorney fees. On October 2, 2012, a hearing was held on Miles's custody petition. The order on the petition and the judgment for attorney fees were each marked with stamps reading "Filed with the Court," followed by a line, under which was printed "J. David Roper, Judge"; a handwritten signature appeared on the line and beside the signature, the handwritten date "11-26-12." The order and judgment also each contained stamps showing that they were "Filed For Record" with the clerk of the superior court on November 27, 2012. The notice of appeal contained a stamp showing that it was filed with the superior court clerk on December 27, 2012.

Miles contends that her appeal is timely and this court has jurisdiction over her appeal because the clerk's stamp filed date is the date from which the 30 days to file a notice of appeal began to run, and not the judge's stamp filed date.[1]

"The filing with the clerk of a judgment, signed by the judge, constitutes the entry of a judgment within the meaning of [Georgia's appellate practice article]."[2] But OCGA § 9-11-5 (e) creates an exception to this rule. Pursuant to OCGA § 9-11-5 (e), "[t]he filing of pleadings and other papers with the court . . . shall be made by filing them with the clerk of the court, except that the judge may permit the papers to be filed with him, in which event he shall note thereon the filing date and forthwith transmit them to the office of the clerk." This court has held: "Although OCGA § 9-11-5 applies to the Civil Practice Act, the rationale of this statute is equally applicable to the Appellate Practice Act."[3]

---

[1] See OCGA § 5-6-38 pertinently providing that "[a] notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of."

[2] OCGA § 5-6-31.

[3] *Storch v. Hayes Microcomputer Products*, 181 Ga. App. 627 (353 SE2d 350) (1987).

Miles asserts that in *Storch*,[4] this court interpreted OCGA § 9-11-5 (e) as requiring pleadings or other papers to be filed "in open court" when filed by the trial judge, and that in this case, because there was no indication that the judge filed the order and judgment in open court (as opposed to in chambers), the judge's stamp filed date is void. But Miles is wrong. This court did not, in *Storch*, interpret the clear and unambiguous language of OCGA § 9-11-5 (e), other than as written.[5]

In *Storch*, the judgment was marked with a stamp from the trial judge which read "Filed in Open Court."[6] Based upon the facts of that case, this court held that "the filing of the judgment in open court with the trial judge was the entry of judgment within the meaning of OCGA § 5-6-31."[7] Contrary to Miles's argument, the court did not hold that pleadings and documents filed with the trial judge pursuant to OCGA § 9-11-5 (e) must be filed in open court to be considered entered within the

---

[4] Id.

[5] See generally *Opensided MRI of Atlanta, LLC v. Chandler*, 287 Ga. 406, 407 (696 SE2d 640) (2010) ("When a statute contains clear and unambiguous language, such language will be given its plain meaning and will be applied accordingly.") (citations omitted).

[6] The trial judge's stamp in *Storch* also contained a date, the judge's signature, and the name of the court.

[7] *Storch*, supra (citation omitted).

3

meaning of OCGA § 5-6-31. In this case, the record showed that the trial judge followed the procedure set forth in OCGA § 9-11-5 (e) and allowed the orders to be filed with him; the orders from which Miles appeals were marked with the judge's filing date and "forthwith" transmitted to the office of the clerk, as evidenced by the clerk's stamp filed date, which was the day after the trial judge's stamp filed date. Accordingly, the trial judge's stamp filed date was not void, and Miles's notice of appeal was untimely filed.

Notably, Miles does not argue that she did not receive notice of the final order and judgment, such that she was unable to timely appeal therefrom. In fact, the record shows that on December 14, 2012, Miles filed with the clerk a "Motion for Reconsideration, Stay of Judgment, and Rule Nisi," wherein she wrote that "[t]he court entered an order on or about November 26, 2012, ordering [her] to pay [a sum of money] to the [sic] Lonnie Payne."[8] Thereafter, an order denying the motion was filed with the judge on December 19, 2012, and filed with the clerk on December 20, 2012; that order referenced the final order and judgment "entered on November 26, 2012," and it contained a notation that it had been served upon Miles and her

_____

[8] Both the final order and the judgment awarding attorney fees specified the amount of attorney fees Miles was required to pay.

4

attorney. Also, a certificate of service was attached, whereby the judge's assistant certified that she served by U. S. mail and by email a copy of the order denying the motion upon Miles's attorney. Therefore, Miles was notified that the trial judge had stamped the order filed on November 26, 2012, and was on notice of when the time to file a notice of appeal had begun to run.

That Miles did not realize that the 30-day period started on the date of the judge's stamp is no excuse. "It is black letter law that ignorance of the law is no excuse."[9] "Although in general we prefer that cases be determined on their merits, we . . . conclude that this appeal must be dismissed."[10]

*Appeal dismissed. Ellington, P. J., and Branch, J., concur.*

---

[9] *Gov't. Employees Ins. Co. v. Dickey*, 255 Ga. 661, 662 (340 SE2d 595) (1986); OCGA § 1-3-6 ("After they take effect, the laws of this state are obligatory upon all the inhabitants thereof. Ignorance of the law excuses no one.").

[10] *Jones v. Perkins*, 192 Ga. App. 343 (384 SE2d 927) (1989); *Storch*, supra at 628.

On Motion for Reconsideration

April 14, 2014

Miles moves for reconsideration of our decision. She asserts that this court "misunderstood the issue related to the timeliness of the appeal." She states that "The issue is whether the trial judge, *on his own motion*, had authority to file-stamp his own orders." Specifically, Miles posits:

> OCGA § 9-11-5 (e) . . . provides that if a party brings to court any pleading, motion, a response to a pleading or motion, or any other document the party wants filed with the court such as a domestic relations financial affidavit, the judge has authority *to permit* the document to be filed with the judge. In order for the trial judge to *allow* documents to be filed with him or her, one of the parties must necessarily make such a request. In the absence of a request by a party, the trial judge has no authority for [sic] *permit* the filing of documents.

However, the language of OCGA § 9-11-5 (e) is not as Miles states (as set forth above). And the only authority Miles cites to support her position that OCGA § 9-11-5 (e) should be interpreted as she posits is *Storch*.[1] But in her initial appellate brief to this court, Miles recognized that no where in the *Storch* decision did this court state that the appellant had "requested the order [appealed from] to be filed with the

---

[1] Supra.

1

court."[2] Accordingly, we find no merit in Miles's argument that *Storch* is instructive on this issue. Miles cites, and we have found, no authority interpreting OCGA § 9-11-5 (e) to mean that a trial judge has no authority, pursuant to that statute, to allow papers to be filed with him (or her) in the absence of a request by a party. Thus, Miles's motion for reconsideration is denied.

---

[2] See *Storch*, supra at 627-628 (no indication that either party had requested the order appealed from be filed with the trial judge).