# Court of Appeals
# of the State of Georgia

ATLANTA,  April 17, 2023

*The Court of Appeals hereby passes the following order:*

### A23E0045. EMBERY J. MCBRIDE v. GEORGIA DEPARTMENT OF CORRECTIONS.

Pro se prisoner Embery J. McBride has filed an emergency motion under Court of Appeals Rule 40 (b) seeking an extension of time to file an application for discretionary appeal from the trial court's order dismissing his civil action against the Georgia Department of Corrections ("GDOC"). For reasons that follow, we deny the motion.

McBride sued GDOC for conversion and negligence. GDOC moved to dismiss the complaint on sovereign immunity grounds. On November 16, 2022, the trial court signed an order granting the motion to dismiss, but the order was not entered — i.e., filed with the clerk's office — until December 5, 2022. See *Storch v. Hayes Microcomputer Products*, 181 Ga. App. 627, 627 (353 SE2d 350) (1987) ("The filing with the clerk of a judgment, signed by the judge, constitutes the entry of judgment."). See also OCGA § 5-6-31. The judge's assistant sent McBride a copy of the order that did not bear a file stamp, and McBride wrote to the clerk's office requesting a file-stamped copy. On December 15, 2022, McBride received a file-stamped copy of the dismissal order.[1] On April 11, 2023, he filed the instant emergency motion, seeking an extension of time to file a discretionary application, or permission to file an out-of-time application.

To be timely, an application for discretionary appeal must be filed within 30

---

[1] On December 19, 2022, McBride filed a notice of appeal from the order. That appeal was docketed here as Case No. A23A1287.

days of the order sought to be appealed. OCGA § 5-6-35 (d). The requirements of OCGA § 5-6-35 are jurisdictional, and this Court cannot accept an application for appeal not made in compliance therewith. See *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989). We may grant a request for an extension of time to file a discretionary application, but "[t]he request for the extension must be made prior to the expiration of the period for filing as originally prescribed." Court of Appeals Rule 16 (c). See also OCGA § 5-6-39 (d); *Gable v. State*, 290 Ga. 81, 84-85 (2) (a) (720 SE2d 170) (2011).

Here, McBride's discretionary application was due January 4, 2023 — 30 days after entry of the order dismissing his complaint.[2] Yet he did not file this motion seeking an extension of time until more than three months later. Because the motion is untimely, we are without authority to grant it, and it is therefore DENIED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __04/17/2023__

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

[2] Although McBride rightfully faults the trial court for not promptly entering the order and sending him a file-stamped copy, we note that he received a file-stamped copy of the order on December 15, 2022 — well before the deadline for filing a discretionary application or a request for an extension of time.