## STATE, EX REL. BRANNON, Plaintiff-Appellee, v TURNER, Defendant-Appellant.

Ohio Appeals, Second District, Franklin County.

No. 3982. Decided June 4th, 1947.

I. M. Harris, Columbus, for plaintiff-appellee.
Mitchell N. Nachman, Columbus, for defendant-appellant.

### OPINION

By MILLER, J.

This is a proceeding in bastardy which arose in the Juvenile Court, Court of Common Pleas, Franklin County, Ohio, Division of Domestic Relations. A jury trial was had and a verdict of guilty was returned. A judgment of guilty was duly entered and it is from this judgment that this appeal on questions of law has been filed.

The assignments of error are:

(1) The trial court erred in the rejection of the pre-trial cross-examination of the plaintiff-appellee which was taken about two weeks before the jury trial.

(2) The verdict of the jury is contrary to the evidence and against the manifest weight of the evidence.

The record discloses that at the trial, as a part of its case, the plaintiff-appellee read into the evidence the examination of the complainant by the Judge of the Juvenile Court at the

preliminary hearing, but did not read the cross-examination conducted by the defendant. This evidence was offered in attempting to comply with §12122 GC which provides: .

"* * * At the trial, the examination before the justice, shall be given in evidence by the complainant."

The complainant was the first witness called by the plaintiff, and upon cross-examination of her by the defendant she was questioned as to certain statements made by her during the cross-examination at the preliminary hearing and while conducting the cross-examination the defendant offered into evidence the entire record taken at the preliminary hearing, which was refused, the Court saying, "You haven't come to that yet. You stopped right in the middle of an examination and want to introduce something. Finish your cross-examination. Let us do one thing at a time."

It will be noted that this evidence was offered by the defendant before the plaintiff had rested its case in chief. It was never re-offered by the defendant after the close of the plaintiff's case. The method of trial procedure is defined by §11420-1 GC, par. 3, as follows:

"The party who would be defeated, if no evidence were offered on either side, first, must produce his evidence, and the adverse party must then produce his evidence."

The order in which each party may introduce his evidence rests, to a large extent, upon the discretion of the Court, but a defendant has no right to go into the distinct matter of his defense before the plaintiff has rested. See **Legg v Drake, 1 Oh St 286.** Sec. **12111 GC** permits the defendant to ask the complainant at the preliminary hearing any question he thinks may be necessary for his defense. This evidence was obtained under this section and must therefore be considered as defensive matter, even if used for the purpose of impeaching the witness. The failure of the plaintiff to introduce it in its entirety cannot be fatal, for it is taken for the benefit of the defendant.

In **Miller v Busick, 56 Oh St 437,** at page 441, the Court says:

"The requirement of **section 5625**, that 'the examination before the justice shall be given in evidence by the complainant', is for the benefit of the defendant. It affords him an opportunity to compare the testimony of the complainant given at the trial with her statement under oath, at the inception of the proceeding. It is a requirement which the defendant might waive."

See also **Guthrie v West, 24 OO·12.**

We are, therefore, of the opinion that since the defendant did not offer this evidence in the presentment of his case he waived the right to do so. The defendant was permitted to read questions and answers which he contends were inconsistent with her statements made as a witness. So the jury was fully informed on this matter and its rejection could not have been prejudicial to the right of the defendant even though the Court erred in its admission, which we do not concede. The better procedure, however, would have been for the complainant to have offered the exhibit in its entirety and upon failure to do so, the defendant should have moved that the complainant be required to offer it, for under §12122 GC the entire proceeding before the judge or justice is admissible and should be offered by the complainant.

The verdict of the jury was not contrary to the evidence or against the manifest weight of the evidence. As is usual in cases of this type, there was a great conflict in the testimony. However, there is substantial evidence in the record to support the verdict, and we cannot, therefore, say that it is against the manifest weight of the evidence, which is not determined by the number of witnesses on either side, but by the impression which their testimony makes upon the jury. The weight of the testimony and the credibility of the witnesses are questions for the jury and we cannot say that the jury erred in this respect.

The judgment is affirmed.

WISEMAN, PJ, and HORNBECK, J, concur.