38712. THRAILKILL v. THE STATE.

DECIDED FEBRUARY 24, 1961.

*Cook, Llop, Long & Kaye, Bobby Lee Cook*, for plaintiff in error.

*Jesse H. Watson, Solicitor-General*, contra.

CARLISLE, Judge. 1. The defendant in this case was tried and convicted in the Superior Court of Forsyth County on a special presentment charging him with cheating and swindling. The evidence for the State showed, without dispute, that the defendant and one Leon Cohen (with whom he was jointly indicted, but who was tried separately) approached the prosecutor, George Corn, and by making false and fraudulent representations as to the solvency of Continental Underwriters, Inc., and by representing to him that the stock of said corporation was reasonably worth $24 per share, when in truth and in fact, the

stock had no value, a fact which the defendant, under the evidence, should have known, induced the said George Corn to exchange merchandise of the value of $4,800 for 200 shares of stock in Continental Underwriters, Inc., thus defrauding George Corn out of that sum of money. This evidence was sufficient to support a conviction under the provisions of *Code* § 26-7410, and the general grounds of the motion for a new trial are, therefore, without merit.

2. The first special ground of the motion for a new trial complains because the court permitted a witness for the State to testify with respect to negotiations had between Cohen and Thrailkill and O. L. Reagan for the sale to Reagan of the merchandise obtained from Corn, that Cohen and Thrailkill got into an argument as to who was selling and as to who was buying, and that the court admitted testimony as to what was said by them in that discussion over the objection that it was hearsay. This testimony, when considered in connection with the testimony of Reagan as to the same occurrence, shows that the statements made by Cohen and Thrailkill were made in the presence of each other and this testimony was not inadmissible over the objection made.

3. The second special ground complains because the trial court erred in refusing to permit the defendant to introduce the minute book of the corporation, the stock of which the defendant was accused of having sold to the prosecuting witness, it being contended that this minute book, if introduced, would have tended to prove (1) that the defendant was not an officer in the corporation (as charged in the indictment); (2) that the corporation was not organized by him but by three others, including the codefendant Cohen; (3) that the defendant did not own any stock in said corporation; and (4) that it would show the financial condition of the corporation from time to time during the periods covered in the indictment. This ground fails to show harmful or reversible error for several reasons. First of all, according to the allegations of fact set forth in the ground, at the time the minute book was tendered in evidence, if in fact it was tendered at all, it was in the physical possession of a witness for the State, who was on the

stand and who was testifying on cross-examination. The record shows that when this witness was on the stand the State had not rested but was still in the process of putting in its evidence and it was not the proper time for the defendant to offer evidence. State Ex. Rel. Brannon v. Turner, 81 Ohio App. 47 (77 N. E. 2d 255); Kline v. Kachmar, 360 Penn. 396 (61 A. 2d 825); 88 C. J. S. 208, Trial, § 96, n. 91. Furthermore, it is not sufficient as a ground of a motion for a new trial complaining of the exclusion of documentary evidence for the movant to merely state by way of a conclusion what the evidence, if admitted, would have shown. Such excluded evidence must be set forth either literally or in substance in the ground or as an exhibit thereto so that the court can ascertain whether the excluded evidence was material and relevant to the issues and whether its exclusion was harmful to the complaining party. *Danner v. Johns,* 147 Ga. 667 (1) (95 S. E. 227); *Burke v. State,* 76 Ga. App. 612, 625 (18) (47 S. E. 2d 116); *Pate v. King,* 79 Ga. App. 571 (1) (54 S. E. 2d 476). This ground of the motion is insufficient in this respect. Also, it was not proper to offer in evidence the entire minute book of the corporation containing much irrelevant and immaterial matter without extracting therefrom the portions relevant to the issues on the trial. 88 C. J. S. 171, Trials, § 62c, n. 68. This is one of the purposes of the provisions of *Code* § 38-626, which is by its terms applicable only to civil cases.

5. The final special ground complains of a portion of the charge of the court as follows: "It is further contended that he (Thrailkill) went back to Mr. Corn later and paid him back the $4,800, the value of his property at the time, and that this $4,800 applied on this particular transaction and not on another transaction as contended by Mr. Corn, and there Mr. Corn did not sustain a loss," as being erroneous in expressing an opinion, as misstating a contention of the defendant, as being confusing and misleading to the jury, and as being unsupported by the evidence. With respect to the first three assignments of error, this ground wholly fails to state as a fact what the defendant's contentions were with respect to the issue presented by the charge or that they were in fact contrary to the statement contained

in the charge excepted to. The charge was not error as an expression of an opinion by the court if the defendant's evidence did in fact make an issue as to this contention, and it is not set forth in the ground how it is contended the charge is misleading and confusing. With respect to the final assignment of error on this charge, the record clearly shows that the defendant here on trial and his codefendant did, subsequently to the occurrence for which they were indicted, return to the prosecuting witness and give him $4,800, and while the evidence is unclear as to this, it is inferable that this testimony which was introduced by the defendant, was for the purpose of raising the very issue on which the judge charged the jury and of which it is here complained. Under all of the facts of this case, this instruction was not error.

*Judgment affirmed. Townsend, P. J., Frankum and Jordan, JJ., concur.*