42607, 42608.  BOROCHOFF PROPERTIES, INC. v. HOWARD LUMBER COMPANY; and vice versa.

Argued February 8, 1967—Decided April 11, 1967—
Rehearing denied May 5, 1967—

*Westmoreland, Hall & Pentecost, John L. Westmoreland, Jr.,* for appellant.

*Gambrell & Mobley, Albert Sidney Johnson,* for appellee.

QUILLIAN, Judge. ■ While the appellant filed what he denominated as a motion for judgment "notwithstanding the judgment," we find no authority for such a motion. Moreover, if this be construed as the equivalent of a motion for judgment notwithstanding the verdict, the rule is well settled that such a motion is not permissible when a judge presides without the intervention of a jury. *Smith v. General Motors Acceptance Corp.,* 98 Ga. App. 840 (107 SE2d 334); *Wood v. Sheppard,* 100 Ga. App. 376, 378 (111 SE2d 242). Hence, in considering the appeal we treat the enumerations of error only with reference to the grounds of the motion for new trial.

■ In a trover action the burden of proof is on the plaintiff to show that he has title or right of possession in the property sought to be recovered. *Hinchcliffe v. Pinson,* 87 Ga. App. 526 (74 SE2d 497). The defendant contends that the plaintiff has failed in this regard since there was no proof showing that Black Brothers, from whom the plaintiff purportedly purchased the property, had the right to sell the machine.

The defendant also insists the transfer was invalid because

in order for Black Brothers to sell the property to Howard, reasonable notification of the time of the intended disposition must have been sent by the secured party to the creditor under *Code Ann.* § 109A-9—504 (3) (Ga. L. 1962, pp. 156, 423). We do not deem this to be a material factor for consideration because "when collateral is disposed of by a secured party after default, the disposition transfers to a purchaser for value all of the debtor's rights therein. . . The purchaser takes free of all such rights and interests even though the secured party fails to comply with the requirements of this Part or of any judicial proceedings." *Code Ann.* § 109A-9—504 (4) (Ga. L. 1962, pp. 156, 424).

Therefore, the controlling question in the case sub judice is whether Black Brothers, under whom the plaintiff claimed title, could convey good title pursuant to its security interest as evidenced by a recorded financing statement.

Mercantile obtained the property by reclamation petition in the Scottdale bankruptcy procedure. While the adjudication by the bankruptcy court determined that title to the property was not in Scottdale, the order granting possession to Mercantile and relinquishing jurisdiction over the property recited that it did not adjudicate the respective rights of other creditors, as to the property, who were left to their remedies under state law for such determination.

The plaintiff contends that Black Brothers' rights are derived from those of Mercantile under the bankruptcy proceedings. This contention is without merit because Black Brothers' rights, based on a prior financing statement, stand independently of Mercantile's claim. The evidence shows only that Mercantile, after learning of Black Brothers' prior claim, made no claim whatsoever; that Black Brothers obtained a "release" of the machine from Mercantile. No details of the character or contents of the "release" are set out. Furthermore, there was not sufficient evidence to show that Black Brothers paid Mercantile a valuable consideration for the "release."

The Commercial Code (*Code Ann.* § 109A-9—501 (1); Ga. L. 1962, pp. 156, 420) provides for the rights and duties of the holder of a security instrument *after default. Code Ann.*

§ 109A-9—501 (3) (Ga. L. 1962, pp. 156, 420) states that "parties may by agreement determine the standards by which the fulfillment of these rights and duties is to be measured if such standards are not manifestly unreasonable." Since there is no definition per se of what constitutes a default within the purview of the Commercial Code, this is one of those standards which are determined by the parties contractually. Thus, in this case, the prime consideration is whether a default has occurred under the terms of the security agreement.

Mercantile's security agreement with Scottdale provided that bankruptcy constituted an "event of default." Therefore, under *Code Ann.* § 109A-9—504 (1) (Ga. L. 1962, pp. 156, 422), Mercantile as the holder of a security instrument *after default* might sell or otherwise dispose of the property. Although Black Brothers' financing statement is part of the transcript, the security instrument itself upon which Black Brothers must rely does not appear in the record. Since Black Brothers' status is predicated solely upon their holding a security interest prior to that of Mercantile, in order to avail itself of the Commercial Code provision regarding the right of a secured party after default to sell or otherwise dispose of the collateral (*Code Ann.* § 109A-9—504 (1); Ga. L. 1962, pp. 156, 422), a default within the meaning of its security instrument must have occurred.

The absence of the security instrument and the terms thereof preclude a determination of whether a default had occurred which authorized Black Brothers to convey title pursuant to the Commercial Code provisions. Thus, the evidence adduced was insufficient to show that the plaintiff had title, or a right of possession, to the property in question and a new trial must be granted.

■ In the cross appeal the plaintiff contends the court erred in refusing to admit evidence relating to bad faith, and damages arising therefrom, on the part of the defendant.

While we are cited cases which allowed the recovery of attorney's fees for bad faith in a trover action (*Atlantic C. L. Railroad Co. v. Nellwood Lumber Co.*, 21 Ga. App. 209 (94 SE 86); *Sapp v. Howe*, 79 Ga. App. 1 (52 SE2d 571)), the rule is that in order for the exclusion of oral evidence to be considered "it

must appear that a pertinent question was asked, that the court refused to allow the answer, and that a statement was made to the court at the time, showing what the answer would be; and that such testimony was material and would have benefited the complaining party." *Allen v. Kessler,* 120 Ga. 319 (47 SE 900).

Here, when testimony as to the defendant's statements was attempted to be given, the trial judge asked: "Is this necessary?" Counsel for the plaintiff then stated: "I think I am fixing to show what his attitude was. I want to show bad faith." Such conclusion is not sufficient to show this court whether error was committed in excluding the evidence and thus does not meet the requirements of the above quoted rule. *Burke v. State,* 76 Ga. App. 612, 624 (47 SE2d 116); *Thrailkill v. State,* 103 Ga. App. 189, 191 (118 SE2d 837).

The other excluded evidence related to damages arising out of the purported bad faith of the defendant. Since no proper foundation was laid, in that bad faith was not shown, there was no error in its exclusion.

The plaintiff's cross appeal is without merit.

*Judgment reversed and remanded for a new trial on the main appeal. Judgment affirmed on the cross appeal. Frankum, P. J., and Deen, J., concur.*