44304. WHISENHUNT, Administrator v. ALLEN PARKER COMPANY.

ARGUED MARCH 3, 1969—DECIDED JUNE 18, 1969.

814

Louis Saul, Oliver Mixon, for appellant.

Sanders, Hester, Holley, Ashmore & Boozer, Thomas R. Burnside, Jr., Richard A. Slaby, for appellee.

QUILLIAN, Judge. ■ The appellee moves to dismiss the appeal on the ground that it is premature since a counterclaim is still undisposed of.

It is true that ordinarily an appeal is premature where the case remains pending. However, the Civil Practice Act now provides with regard to summary judgments: "An order granting summary judgment on any issue, or as to any party, shall be subject to review by appeal." Code Ann. § 81A-156 (h) (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238). "Review of orders and judgments with respect to motions for summary judgment shall be governed by Section 56 (h), as amended, of the Georgia Civil Practice Act [§ 81A-156 (h)]." Code Ann. § 6-701 (a, 4) (Ga. L. 1965, p. 18; 1968, pp. 1072, 1073).

Thus, it is apparent that the grant of a summary judgment is an exception to the rule requiring a final judgment in order to appeal. One may appeal the grant of a summary judgment on any issue or as to any party. See McLeod v. Westmoreland, 117 Ga. App. 659, 660 (161 SE2d 335); Levy v. G. E. C. Corp., 117 Ga. App. 673, 676 (161 SE2d 339. The motion to dismiss the appeal is denied.

■ Any issue regarding Count 5 of the amended complaint is neither supported by argument and citation of authority nor is it supported by specific reference to the record. Hence, it is deemed to be abandoned. Court of Appeals Rule 17 (c) (2, 3).

■ We now consider the proof submitted with reference to Counts 1, 3 and 6 of the amended complaint.

The trial judge in his order granting the defendant's motion for summary judgment stated: "It is further ordered and adjudged that consideration of the evidence presented by the parties to which objections were filed being unnecessary to reach the conclusion and judgment hereby rendered it is unnecessary to rule upon such objections. The admission or exclusion of the evidence offered over objection would not change or vary the judgment hereby rendered."

Although the defendant relies on the provisions of a confidential financial statement, the plaintiff filed his written objections to such statement. Since the trial judge by the express terms of his order did not consider the statement and since it was objected to, we do not consider it in ruling upon the motion. The rule that a judgment right for any reason will be sustained is not applicable in these circumstances. For, in order to consider such evidence, we would have to pass upon its admissibility where there was no ruling in the lower court and act in direct contravention of the lower court's determination that the evidence need not be considered.

■ Without the financial statement, each individual contract was determinative of the defendant's, and the deceased's rights, in repossessing the property. Though there were several different forms used, we point out two pertinent examples, styled exhibits "N" and "Q" respectively. "N" was a contract of conditional sale for a 1967 Mascot; "Q" a contract of conditional sale for a 1966 Pontiac. Both provided: "Time is of the essence of this contract, and if purchaser default in complying with any of the terms hereof, seller, at his option, and without notice to purchaser, may declare the whole amount unpaid hereunder immediately due and payable, or seller may take immediate possession of said property without demand (possession after default being unlawful), including any equipment or accessories thereto; and for this purpose seller may enter upon the premises where said property may be and remove same. . . Seller may take possession of any other property in above described motor

■

vehicle at time of repossession and hold same temporarily for purchaser without liability on the part of seller."

Payments on "N" were due the 20th of a month, while those on "Q" were due on the 10th. The plaintiff introduced canceled checks and the defendant's business records showing that the December 10th and 20th payments on each contract had been made and the next payments due were on January 10 and 20, after the January 6, 1968, repossession by the defendant.

The defendant contends that the December 25th death of plaintiff's intestate constituted a default within the meaning of the contracts. With this contention we cannot agree. As was held in *Borochoff Properties v. Howard Lumber Co.*, 115 Ga. App. 691, 696 (155 SE2d 651), the Commercial Code does not specifically define a "default" under a security agreement. "For the most part, the security agreement itself must define the standards for determining whether a default occurs." Vol. 1, Secured Transactions under UCC § 8.02.

While death, among many other contingencies, may be included as a basis for default, it is not automatically so included. Absent a specific inclusion in the document, we give to the abstract term default as here utilized only its generally accepted meaning of failing to perform or pay. Thus, in these two examples a default did not necessarily occur at the deceased's death but only when the instalment payments were not met. Whether the defendant repossessed the items before such default would be for the jury's determination.

There was proof submitted by affidavits on behalf of the plaintiff that the defendant's agents, in seizing various items of property, severed and disconnected the electric lines and sewer lines, tore up and destroyed a portion of the office trailer on the establishment, damaged an "add-a-room," and removed records of the business.

Under the contractual provisions, "the seller may enter upon the premises where said property may be and remove same." However, *Code Ann.* § 109A-9—503 (Ga. L. 1962, pp. 156, 422), provides: "Unless otherwise agreed a secured party has on default the right to take possession of the collateral. In taking possession a secured party may proceed without judicial process

if this can be done without breach of the peace or may proceed by action." It is therefore apparent that, while the defendant, through its agents, had the right to peacefully enter the premises and obtain its property, the defendant would be responsible for any tortious acts committed during the repossession. See Vol. 1, Secured Transactions under UCC § 8.03; 3 ULA UCC § 9-503. Furthermore, although the defendant, under the terms of the contract, had the right to hold property temporarily there is no conclusive showing that this is all that the defendant did.

Thus, the defendant failed to pierce the allegations of the complaint and a jury question was presented as to whether the defendant was guilty of tortious conduct when the repossession took place.

The defendant correctly argues that in actions under Code § 113-1102, the rule is: "If the act or conduct which is alleged to charge the person as executor de son tort be of such a character that it clearly appears that he was acting in good faith in attempting to protect his own rights, under color of authority, and not solely to prejudice the rights of those interested in the estate of the deceased, then, as a general rule, such act or conduct will not charge a person as executor de son tort." *Willingham v. Rushing*, 105 Ga. 72, 80 (31 SE 130).

However, there is nothing to indicate that the plaintiff sought relief exclusively under that section. For, instead of praying for the double damages provided for in *Code* § 113-1102, the plaintiff sought damages for trespass and various tortious conduct, and punitive damages under *Code* § 105-2002 for wilful and tortious misconduct. The showing that the defendant's agents heedlessly and unnecessarily committed acts which resulted in damage to the deceased's property and indiscriminately seized items as to which payments were not then overdue would be some evidence of conscious indifference to consequences and wanton disregard of the plaintiff's rights which a jury might consider. *Investment Securities Corp. v. Cole*, 186 Ga. 809, 810 (199 SE 126).

" 'The burden is upon the moving party, and the party opposing the motion is given the benefit of all reasonable doubts and all favorable inferences that may be drawn from the evidence.

*Holland v. Sanfax Corp.*, 106 Ga. App. 1 (126 SE2d 442).' *Internat. Brotherhood v. Newman*, 116 Ga. App. 590, 592 (158 SE2d 298). The movant has this burden even as to issues upon which the opposing party would have the trial burden. And the moving party's papers are carefully scrutinized, while the opposing party's papers, if any, are treated with considerable indulgence." *Colonial Stores, Inc. v. Turner*, 117 Ga. App. 331, 333 (160 SE2d 672). "In order to pierce allegations of material fact contained in the plaintiff's petition, the evidence offered by defendant on motion for summary judgment must unequivocally refute those allegations and must clearly show what is the truth of the matter alleged. It is not sufficient if the evidence merely preponderates toward defendant's theory rather than plaintiff's or if it does no more than disclose circumstances under which satisfactory proof of plaintiff's case on trial will be highly unlikely. *Watkins v. Nationwide &c. Ins. Co.*, 113 Ga. App. 801, 802 (149 SE2d 749)." *Shadix v. Dowdney*, 117 Ga. App. 720 (162 SE2d 245). Hence, upon the defendant falls the burden of establishing that it was entitled to repossess each one of the trailers because of the plaintiff's violation of contractual terms, that it acted in good faith in protecting its rights, and that it, through its agents, did not negligently or wilfully damage or destroy property or interfere with the rights of plaintiff's decedent when it entered onto the premises to repossess the property it claimed.

The evidence failed to pierce the allegations of Counts 1, 3 and 6 of the petition and establish that the plaintiff could not recover in any amount.

*Judgment reversed. Felton, C. J., concurs. Pannell, J., concurs specially.*

PANNELL, Judge, concurring specially. I concur in the result reached in this case, that is, the defendant was not entitled to a general summary judgment as to Counts 1, 3 and 6 of the complaint. I cannot agree, however, with the rulings made by this court in Headnote 3 and the corresponding division of the opinion. This ruling is based upon two statements: (a) that we are bound by the trial judge's opinion that the admission or exclusion of the evidence offered over objection would not change

or vary the judgment, and (b) that this court cannot pass upon admissibility of evidence where there was no ruling in the lower court. Where motions for summary judgment are granted or denied and an appeal entered in this court, we are continually making determinations of admissibility, this for the very simple reason that on appeal from rulings on motions for summary judgment, this court cannot consider inadmissible evidence, whether objected to or not. *Planters Rural Tel. Co-op. v. Chance*, 108 Ga. App. 146, 147 (132 SE2d 90); *Varnadoe v. State Farm Mut. Auto. Ins. Co.*, 112 Ga. App. 366 (1) (145 SE2d 104); *Benefield v. Malone*, 112 Ga. App. 408, 411 (145 SE2d 732).

Secondly, error is enumerated on the trial court's failure to consider the plaintiff's objection to the evidence referred to in the opinion. If the appeal is properly before us, so is the enumeration of error, and we must in either event determine its admissibility. While I agree that its admissibility or lack of admissibility will not change the judgment of reversal by this court on this appeal, it may change some of the results upon the trial of this case in the lower court as well as the issues to be submitted to the jury.