## 54570. TRUST COMPANY BANK v. JOHNSON.

WEBB, Judge.

Woodrow Buddy Johnson on October 4, 1976 executed and delivered to Trust Company Bank a three-year installment note for $6,112.07, and a bill of sale security instrument by which he conveyed as collateral a 1976 Lincoln Mark IV Continental 2-door coupe. On or about February 7, 1977 Johnson died. At the request of Johnson's widow the bank on or about February 20 took possession of the automobile in New York City to protect its interest. Thereafter in May the bank attempted to sell the vehicle under the security instrument in order to recover its money. Upon application of Josie Nelson Johnson, who had been appointed temporary administratix of the estate of Johnson, the court below by order "restrained and enjoined" the defendant bank "from the sale of said automobile, and, further, the Defendant is hereby ordered to promptly release and turn over the possession, custody and control of the said automobile to the Plaintiff upon payment of current storage charges by her and upon the Plaintiff providing proof of complete insurance coverage (liability, collision and comprehensive) on the said automobile. The Plaintiff is hereby ordered to preserve, protect and keep the said automobile in her possession, custody and control as the property of the Estate of Woodrow Buddy Johnson and in her capacity as Temporary Administratrix of said Estate, as by law provided."

Trust Company appeals from this judgment, and we reverse.

The note from Johnson to the bank provides "Default means: 1. If I do not pay an installment on time, or if I fail to perform any other obligation to you; 2. If you reasonably come to feel insecure in extending credit to me or feel that the prospects of my promptly repaying credit have gotten worse; or 3. If I die."

The bill of sale security agreement provides: "Should default occur in the payment of principal or of interest, or of any installment thereof, on any indebtedness hereby secured when due, or should any of the collateral be lost or destroyed or its value substantially diminished, or should

Grantee deem itself insecure, or should there occur any breach of warranty, or failure of performance of any obligation, or default hereunder, or under any other agreement respecting said collateral or under any note or loan agreement evidencing any such indebtedness, then in any such event Grantee may at its option, without notice or demand of any kind, declare undersigned in default hereunder, and declare the entire indebtedness hereby secured immediately due and payable, and may require the undersigned to assemble the collateral and make it available to the Grantee at a place to be designated by the Grantee which is reasonably convenient. Any requirement of law of reasonable notification of any intended disposition of the collateral shall be met by posting in the U. S. Mail written notice addressed to all persons entitled to such notice stating the time and place of any public sale or the time after which any private sale or any other intended disposition is to be made, at least 5 days prior thereto. Grantee is authorized in the name of the undersigned to sign and execute any transfer, conveyance or instrument in writing which may be necessary or desirable to effectuate any such disposition of the collateral. No disposition of any collateral shall extinguish any obligation of undersigned, except to the extent that the net proceeds are applied thereto. Such net proceeds may be applied by Grantee toward the payment of such indebtedness and obligations in such order of application as the Grantee may from time to time elect."

1. The death of Josie N. Johnson's intestate constituted a default within the meaning of the contracts. Although death, among many other contingencies, is not automatically a basis for default, it may be so included. Where, as in the instant case, it is specifically included as a basis for default, that provision will be upheld. See *Whisenhunt v. Allen Parker Co.,* 119 Ga. App. 813, 818 (168 SE2d 827) (1969); *Borochoff Properties, Inc. v. Howard Lumber Co.,* 115 Ga. App. 691, 696 (155 SE2d 651) (1967).

2. The power to sell contained in the security instrument was not revoked by the maker's death. Exercise of the power was not a suit against an

administratrix or the estate of the deceased maker. See *Chapman v. Commercial Nat. Bank,* 86 Ga. App. 178, 180 (71 SE2d 109) (1952). Under the contracts executed by the intestate, the bank had the right to proceed with the repossession and sale in the absence of payment of the indebtedness and costs.

*Judgment reversed. Deen, P. J., and Birdsong, J., concur.*

ARGUED OCTOBER 5, 1977 — DECIDED<br>OCTOBER 26, 1977.

*T. Walter Gcabashe,* for appellant.
*Davis, Casto & Norvell, Ray C. Norvell,* for appellee.