620 So.2d 796 (1993)
Robert NIXON, Appellant,
v.
Arlene HALPIN, Individually and d/b/a A & T Detective Agency; and Detroit Connection, Inc., Appellees.
No. 92-0117.
District Court of Appeal of Florida, Fourth District.
June 23, 1993.
*797 Robert J. Reid, Delray Beach, for appellant.
Marcia E. Levine, Fazio, Dawson, DiSalvo, Cannon, Levine, Abers & Podrecca, Fort Lauderdale, for appellee Detroit Connection, Inc.
No appearance or brief for appellee Halpin.
FARMER, Judge.
In this appeal from a summary judgment, a plaintiff argues that he should have been allowed to offer evidence at a trial against one whom the trial court had decided as a matter of law had employed an independent contractor and was therefore immune from liability. We agree.
Arlene Halpin, who repossesses vehicles for a living, was mistaken for a car thief while she was attempting to repossess a car owned by one Weinstein. Weinstein had caught Halpin in the act and summoned the help of his office mate, appellant Nixon, to try to stop her. The two men accosted her in the car and attempted to stop her from leaving with the auto. Halpin managed to elude the two, but as she was driving away she struck Nixon in the process, causing him serious injury.
The vehicle had been sold to Weinstein by Detroit Connection, Inc. [DCI]. DCI had apparently financed the purchase and claimed a perfected security interest in it.[1] Asserting that Weinstein was late on an installment payment, DCI decided to take possession of the vehicle and engaged Halpin to do so.[2] The events in suit occurred during her attempt to drive the car away from Weinstein's place of employment.
Nixon sued Halpin, later joining DCI.[3] Eventually, DCI moved for summary judgment. Its basis was twofold: (1) focusing on the dangerous instrumentality doctrine, that DCI was not the owner of the vehicle that had allegedly caused injury to Nixon; and (2) focusing on the inherently dangerous activity doctrine, that under Northern Trust Bank of Florida v. Construction Equipment International Inc., 587 So.2d 502 (Fla. 3d DCA 1991), an owner of machinery could not be vicariously liable for injury caused by an independent contractor's negligence. The trial court granted the motion, ruling that Halpin was not employed by DCI but was merely an independent contractor for whose conduct DCI could not be held accountable. We reverse.
Although the trial court did not have the benefit of it, the issue we confront is controlled by our recent decision in Sammons *798 v. Broward Bank, 599 So.2d 1018 (Fla. 4th DCA 1992). That case also directly concerned the liability of a secured party whose "independent contractor" causes injury to someone while attempting to take possession of its collateral in such a manner as to amount to a breach of the peace. We held that the secured party has a nondelegable duty to take possession of its collateral without a breach of the peace. That is to say, its right to take self-help possession of its collateral upon a default is limited by the breach of the peace rule: if its attempt to take possession results in a breach of the peace, then it is liable for injury resulting from the attempt.
A secured party who insists on taking possession after resistance by the debtor faces the consequences of its use of force. As we said:
The creditor may not exert wrongful pressure upon the debtor to obtain repossession of the secured items. He has no right to use force and enjoys no immunity. He acts at his peril, and exposes himself to severe potential liability, including liability for punitive damages.
Sammons, 599 So.2d at 1019 (quoting from Northside Motors of Florida Inc. v. Brinkley, 282 So.2d 617 (Fla. 1973)). Thus DCI's status as a "lienholder" rather than an owner under the dangerous instrumentality doctrine is immaterial.
Under Sammons, DCI could not delegate its duty of peaceable possession to an independent contractor and thereby avoid liability for injuries caused to Nixon when the owner resisted. The owner of the vehicle had a right to object to DCI's attempted repossession of the collateral. If DCI had not already peaceably removed the vehicle when the owner objected, it's continuation with the attempt at repossession was no longer "peaceable and without a breach of the peace." It then faced liability when its "independent contractor" caused injury.
We reverse so that Nixon can offer evidence on his claim to a jury.[4]
REVERSED.
STONE and WARNER, JJ., concur.
NOTES
[1] At the summary judgment hearing, DCI furnished a chain of title on the subject vehicle from the office of the Division of Motor Vehicles showing Weinstein as the owner. The title papers also showed Affordable Financial Service as the "first lienholder", which we interpret to mean holder of a perfected "security interest". DCI argued at the hearing, however, that it held the security interest and that DCI had engaged Halpin to "repossess" the vehicle. On appeal, DCI argues that it was not the holder of the security interest and that Affordable Financial Services was. It cites deposition testimony to support that assertion, but the deposition testimony is by the vice president of DCI who said that Affordable was merely hired to service the account, i.e. send notices, accept payments, etc. We will not allow the successful moving party for summary judgment to take shifting factual positions on appeal. Instead, we take as the record facts supporting the judgment only those argued to the trial judge at the hearing on the motion.
[2] The trial court made no determination as to whether Weinstein really was in default or whether DCI had a colorable basis to claim a default in the agreement which would allow it to take possession of its collateral.
[3] Several months later, Nixon and Halpin entered into a settlement agreement for a consent judgment, providing that Halpin and her sole proprietorship were jointly and severally liable to Nixon for $475,000 plus fees. Nixon agreed as part of this consent judgment to forgo collection of the amount from Halpin.
[4] Because the trial court did not reach the question whether Nixon's settlement with Halpin had any effect on the claim against DCI, we will not do so either.