AFFIRM; Opinion issued August 29, 2012



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-11-00746-CV

PRICE AUTO SALES, INC., Appellant

V.

CARLOUS SANDERS, Appellee

On Appeal from the 192nd Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC 09-10095-K

# MEMORANDUM OPINION

Before Justices Morris, Moseley, and Myers
Opinion By Justice Morris

After a trial without a jury, the trial court awarded Carlous Sanders damages for injuries he sustained during the repossession of a vehicle he purchased from Price Auto Sales, Inc. In a single issue, Price Auto asserts that the trial court erred in rendering judgment for Sanders because it conclusively established that the repossession was complete before any alleged breach of the peace occurred. For the reasons that follow, we affirm the trial court's judgment.

Price Auto hired David Chad Kuykendall, doing business as Chad's Auto Recovery, to repossess a 1998 Cadillac DeVille owned by Carlous Sanders, who was in default on his motor vehicle retail installment sales contract. On the afternoon of May 11, 2009, Kuykendall went to the apartment complex where Sanders lived and located the Cadillac in a parking space facing Sanders's

apartment.[1] Using a key provided by Price Auto, Kuykendall entered the car and started the engine. Sanders testified that he was descending the stairs from his apartment when he first heard his car's ignition and then saw a person inside his car backing the vehicle out of its parking space. Sanders further testified that he thought his car was being stolen.[2] He then approached and stood at the front of the vehicle yelling to the person to get out of his car. According to Sanders, as he approached the driver's side door, the car moved onto his foot, causing him to fall to the ground, injuring his head. Sanders stated that the car then rolled over his leg as Kuykendall drove the car from the complex. Two other witnesses testified on behalf of Sanders, both stating that they saw the vehicle run over Sanders's foot, causing him to fall to the ground, but the driver did not stop and continued to drive the car out of the apartment complex.

Kuykendall testified that he had already backed the car out of the parking space and put it in drive when Sanders jumped on the hood. Kuykendall applied the brakes and Sanders fell off to the side of the car and onto the ground. Kuykendall denied running over Sanders. Although Kuykendall saw Sanders fall to the ground, he did not stop to render aid but proceeded to drive the vehicle from the apartment complex through the back gate, attach it to his tow truck parked next door, and deliver it to Price Auto.

Sanders sued Price Auto and Kuykendall for his injuries alleging, among other things, that they were liable for the breach of the peace that occurred during the repossession. After a trial before the court, Sanders was awarded $20,281.39 in damages. Among its findings of fact, the trial court found that Kuykendall was in the process of starting the automobile when attempting to repossess

---

[1] Kuykendall testified that upon arriving at the complex in a tow truck, he spoke with the security officer at the entrance gate who agreed to let him into the complex in exchange for one hundred dollars. Kuykendall told the security officer that he wanted to make sure the vehicle was there before he paid the money. Kuykendall parked his tow truck next door to the complex. He then reentered the apartment complex by foot.

[2] Sanders testified that, throughout the confrontation, Kuykendall never identified himself as a repossession agent.

it by driving it from the parking area; Kuykendall drove over Sanders's foot during the repossession attempt, causing personal injury to Sanders; and at no time did Kuykendall identify himself to Sanders. In its conclusions of law, the trial court concluded, "While in the process of repossessing [Sanders]'s vehicle, and as a result of Defendants' actions, a breach of the peace occurred, the result of which were the injuries suffered by [Sanders]." Price Auto appeals.

In its sole issue, Price Auto argues that the evidence is legally insufficient to support the trial court's judgment because the evidence conclusively established that the repossession was complete before Sanders approached the Cadillac and was injured. Both parties characterize Price Auto's position as an affirmative defense to Sanders's breach of the peace claim. Where, as here, a party challenges the legal sufficiency of an adverse finding on an issue on which it had the burden of proof at trial, it must demonstrate on appeal that the trial evidence established, as a matter of law, all facts necessary to support the issue. *See RM Crowe Prop. Servs. Co., L.P. v. Strategic Energy, L.L.C.*, 348 S.W.3d 444, 448 (Tex. App.—Dallas 2011, no pet.).

Section 9.609 of the Texas Business and Commerce Code provides that a secured party may take possession of collateral after a default without judicial process "if it proceeds without breach of the peace." TEX. BUS. & COM. CODE ANN. § 9.609(a)(1) &(b)(2) (West 2011). The rule imposing liability for breaches of the peace is based on longstanding policy concerns about the exercise of force or violence and recognizes that society's interest in preserving the peace is more important than a secured party's right to possession. *See MBank El Paso, N.A. v. Sanchez*, 836 S.W.2d 151, 152–53 (Tex. 1992). When a secured party chooses to pursue a nonjudicial repossession, it assumes the risk that a breach of the peace might occur. *Id.* at 154.

We have found no Texas cases that recognize any affirmative defense to a breach of the peace claim other than proving that no breach of the peace occurred. *See id.* at 155 (Cook, J., dissenting).

Price Auto acknowledges that Texas has not yet recognized an affirmative defense based on the completion of the repossession.[3] It therefore relies on cases from Connecticut and Minnesota to support its contentions. *See Clark v. Auto Recovery Bureau Conn. Inc.*, 889 F.Supp 543 (D. Conn. 1994) (repossession of vehicle using tow truck was complete where vehicle was removed from its parking space before plaintiff arrived at scene to voice any objection to repossession); *Thompson v. First State Bank of Fertile*, 709 N.W.2d 307 (Minn. Ct. App. 2006) (repossession complete and no breach of peace where vehicle attached to tow truck and its rear wheels lifted from ground before any contact with the plaintiff). We need not decide whether Texas law recognizes this affirmative defense to a breach of the peace claim because, even assuming such a defense exists in Texas, we are unpersuaded that the record before us conclusively established Kuykendall completed the repossession of Sanders's vehicle before any breach of peace occurred.

There was evidence that Sanders heard his car's ignition and saw the vehicle being backed out of its parking space. Before Kuykendall left the vicinity of the parking spot or the parking lot, Sanders approached the front of the car and demanded the unidentified driver get out of the vehicle. According to Sanders and two other witnesses, during this confrontation, the vehicle rolled over Sanders's foot causing him to fall and sustain further injuries. This evidence demonstrates that Sanders confronted Kuykendall as he was in the process of removing the vehicle from its parking place and attempting to drive it from Sanders's apartment complex. Because the evidence does not conclusively establish repossession was completed, Price Auto has not demonstrated any reversible error in connection with the trial court's determination that a breach of the peace occurred in the process of the repossession.

---

[3] The completion of the repossession in turn depends on the repossession agent's sufficient control over the collateral.

In reaching this conclusion, we find our sister court's analysis of what constitutes a breach of peace instructive. *See Chapa v. Traciers & Associates*, 267 S.W.3d 386 (Tex. App.—Houston [14th Dist] 2008, no pet.). In *Chapa*, the vehicle being repossessed was parked on a public street when the recovery agent hooked it up to his tow truck, while remaining in his truck, and drove away. *Id.* at 389. The recovery agent had towed the vehicle out of sight of the premises when he noticed the towed vehicle's engine running. *Id.* After he discovered Chapa's two children inside the vehicle being towed, the agent immediately drove back to Chapa's home and returned the vehicle and the children. *Id.* at 389; 393. In affirming the trial court's take-nothing summary judgment in favor of the defendants, the appeals court concluded that no breach of the peace occurred because, among other things, the recovery agent had removed the vehicle from a public street without confrontation or objection at, near, or incident to the seizure of property and without trespassing on Chapa's premises. *Id.* at 394. Instead, he actively avoided confrontation and immediately desisted repossession efforts and returned the children upon learning of their presence. *Id.* at 395.

The *Chapa* court also distinguished a Florida case remarkably similar to the facts before us. In *Nixon v. Halpin*, 620 So.2d 796 (Fla. Dist. Ct. App. 1993), the vehicle's owner mistook the repossession agent for a car thief and, along with an office mate, attempted to stop her from leaving with the vehicle. *Id.* at 797. While she was driving away, the repossession agent struck the office mate causing him severe injuries. *Id.* The court held that the owner had a right to object to the attempted repossession and, if the repossessor had not already removed the vehicle when the owner objected, the continuation of the repossession was no longer peaceable and without breach of the peace. *Id.* at 798. The court therefore reversed the trial court's summary judgment in favor of the secured party. *Id.*

Having concluded the trial evidence is legally sufficient to support the trial court's adverse

finding challenged by appellant, we affirm the trial court's judgment.

JOSEPH B. MORRIS
JUSTICE

110746F.P05



# Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

PRICE AUTO SALES, INC., Appellant

No. 05-11-00746-CV        V.

CARLOUS SANDERS, Appellee

Appeal from the 192ⁿᵈ Judicial District
Court of Dallas County, Texas. (Tr.Ct.No.
DC 09-10095-K).
Opinion delivered by Justice Morris,
Justices Moseley and Myers participating.

        In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.  It is **ORDERED** that appellee Carlous Sanders recover his costs of this appeal
from appellant Price Auto Sales, Inc.

Judgment entered August 29, 2012.

JOSEPH B. MORRIS
JUSTICE