**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-12600

Non-Argument Calendar

_____

COREY L. MCCLAIN,

Plaintiff-Appellant,

versus

RAPID RECOVERY AGENCY, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:24-cv-60093-WPD

_____

Before JORDAN, KIDD, and ANDERSON, Circuit Judges.

PER CURIAM:

Corey McClain appeals the district court's grant of Defendant Rapid Recovery Agency's ("Rapid Recovery") motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50 and denial of his motions for reconsideration pursuant to Federal Rules of Civil Procedure 59 and 60.  On appeal, he argues that the district court erred when it narrowed the scope of the term "breach of peace," found that Rapid's agent did not breach the peace when he continued repossession after being told that a payment had been made, and found that the only damage was a "one-to-two foot scrape" on the driveway and superficial damage to the grass. Dist. Ct. Order Granting Defendant's Motion for Judgment as a Matter of Law, Doc. 81 at 7.[1]  McClain also argues district court erred when it found that he did not show that Rapid Recovery is a debt collector under the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. 559.55 et seq.

We write only for the parties who are already familiar with the facts.  Therefore, we include only so many of the facts as is appropriate to understand our opinion.

## I. FACTS

Rapid Recovery was hired by Ally Bank to repossess McClain's vehicle, which was parked in the driveway at McClain's

---

[1] Actually, the district court's characterization of a "scrape" may be generous. The pictures of the alleged "damage" attached to McClain's complaint as Exhibit A appear to be more of light mark than a scrape.  McClain's girlfriend described it as "scuff marks."

25-12600                Opinion of the Court                3

girlfriend's grandparents' house.  Upon seeing his vehicle connected to the tow truck in the driveway, McClain confronted the tow truck driver, stating that he had made a payment.  The driver told McClain that that was between him and the bank.  The driver did, however, allow McClain to retrieve all of his belongings from the car; McClain surrendered the keys to the driver.

After the truck left, McClain noticed some damage to the driveway and yard.  Specifically, he testified that there were long scratches on the pavers (a foot and a half).  He even testified that there were "deep gouges" in the pavers (notwithstanding that the photographs in evidence before the jury show none).  He also testified that there was some damage to the grass and decorative rocks.  McClain attached photos of the damage to his complaint.

McClain filed suit against both Ally Bank and Rapid Recovery.  McClain settled with Ally Bank but proceeded to trial against Rapid Recovery.  After McClain rested, Rapid Recovery moved for judgment as a matter of law pursuant to Rule 50.  The district court heard argument and then granted the motion, memorializing it later in a written order.  Specifically, the court found that there was no breach of the peace under Florida law when Rapid Recovery repossessed the car because there was no confrontation or altercation, and there was a mere one-to-two foot scrape on the driveway.  This finding meant that Rapid Recovery could not be deemed a debt collector within the meaning of the Fair Debt Collection Practice Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and could not recover under the Florida law that governs non-judicial repossession, Fla.

Stat. §679.609.  Finally, the court rejected McClain's FCCPA claim because McClain did not show how the standard differed between the FDCPA and FCCPA for the definition of debt collector and because he also failed to show that Rapid Recovery violated the FCCPA.  McClain moved for reconsideration which the court denied.

## II. STANDARD OF REVIEW

We review a district court's grant of a motion for judgment as a matter of law pursuant to Rule 50 de novo.  *St. Louis Condo. Ass'n, Inc. v. Rockhill Ins. Co.*, 5 F.4th 1235, 1246 (11th Cir. 2021). Judgment as a matter of law is appropriate when a party "presents no legally sufficient evidentiary basis for a reasonable jury to find for him on a material element" of his affirmative defense. *See Williams v. First Advantage LNS Screening Sols. Inc.*, 947 F.3d 735, 744 (11th Cir. 2020) (quotation marks omitted).

We review the district court's denial of motions made pursuant to Rules 59(e) and 60(b) for abuse of discretion.  *Stansell v. Revolutionary Armed Forces of Colom.*, 771 F.3d 713, 736, 746 (11th Cir. 2014)

## III. DISCUSSION

*A. Breach of the Peace*

All of McClain's claims on appeal rely on there having been a breach of the peace when Rapid Recovery repossessed McClain's

car.[2]   We consult Florida law to determine what constitutes a breach of the peace.  In the absence of authority directly on point, we must determine the issues of state law as we believe the Florida Supreme Court would. *CSX Transp., Inc. v. Trism Specialized Carriers, Inc.*, 182 F.3d 788, 790 (11th Cir. 1999).  We follow intermediate state appellate courts' rulings unless there is persuasive evidence that the highest state court would rule otherwise. *Bravo v. United States*, 577 F.3d 1324, 1326 (11th Cir. 2009)(internal quotations and citations omitted).

Florida's self-help statute permits a secured party to take possession of the collateral after a default "if it proceeds without breach of the peace."  Fla. Stat. Ann. § 679.609(2)(b).  The statute is silent as to what constitutes a breach of the peace but Florida courts have adopted a standard that asks "'(1) whether there was entry by the creditor upon the debtor's premises, and (2) whether the debtor or one acting in his behalf consented to the entry and repossession.'" *Quest v. Barnett Bank of Pensacola*, 397 So. 2d 1020,

---

[2] We note that under the FDCPA, a repossession agency does not qualify as a "debt collector" but that several courts have held that when such an agency breaches the peace during the repossession, it may be liable under the FDCPA. *See, e.g., Wright v. Santander Consumer USA, Inc.*, 2018 WL 2095171 (M.D. Fla. May 1, 2018).  This Court has not adopted that position, although it assumed it for argument's sake and held there was no breach of the peace. *See Westbrook v. NASA Fed. Credit Union*, 799 F. App'x 722, 724 (11th Cir. 2020).  Similarly, in this case, we assume *arguendo*, but do not decide, that such an agent qualifies as a "debt collector" for purposes of the FDCPA if the agent commits a breach of the peace during the repossession.

1023 (Fla. Dist. Ct. App. 1981).  In addressing entry, the Florida Supreme Court has stated:

> [I]n general, the creditor may not enter the debtor's home or garage without permission, but he can probably take a car from the debtor's driveway without incurring liability . . . . We have found no case which holds that the repossession of an automobile from a driveway or a public street (absent other circumstances, such as the debtor's objection) constitutes a breach of the peace, and many cases uphold such a repossession.

*Northside Motors of Fla., Inc. v. Brinkley*, 282 So. 2d 617, 624 (Fla. 1973) (citation and internal quotation marks omitted).

McClain points to language in several Florida intermediate courts of appeal cases to support his claim that damage to the property breached the peace.    He cites, *inter alia*, *Daniel v. Morris*, 181 So.3d 1195 (Fla. 5th DCA 2015); *Nixon v. Halpin*, 620 So. 2d 796 (Fla. 4th DCA 1993); and *Quest*, for the proposition that a creditor invoking its right of self-help repossession is liable for the resulting injury if the repossession results in a breach of the peace, for "negligence resulting in damage." *Quest*, 397 So.2d at 1024.  McClain's case has focused on the alleged damage that he contends was caused by the tow truck, rather than any significant focus on any alleged negligence.[3]

---

[3] The Pretrial Stipulation listed the issues of fact that remained to be litigated at trail, and included whether Rapid Recovery breached the peace, and included whether damage was caused, was material, and whether such damage

With respect to McClain's argument that the damage to the driveway rises to the level of a breach of peace, the *Quest* court does say:

> A breach of peace can occur if the secured party damages property of the debtor while affecting repossession. *See, Whisenhunt v. Allen Parker Co.*, 119 Ga.App. 813, 168 S.E.2d 827 (1969). Also, a creditor is liable for any negligence resulting in damage to the debtor's collateral. *Southern Industrial Savings Bank v. Greene*, 224 So.2d 416 (Fla.3d DCA 1969).

397 So. 2d at 1024. However, the *Whisenhunt* case, relied on for the above proposition, a building, valued at $2000 in 1969, was demolished and the business's records scattered and removed. And in the *Quest* case, the secured creditor—notwithstanding having promised the debtor that it would not do anything until the debtor could get to the office—had already taken action to repossess the assets of the business (its collateral) and caused significant damage: "many of the business's contents had been removed, and the records were scattered on the floor." *Id.* at 1022. [4]

---

amounted to a breach of the peace. However, it did not include whether Rapid Recovery was negligent in the conduct of repossession. Moreover, the only hint of negligence on the part of the tow truck driver is that he may have scratched the driveway when he lowered the T to pick up McClain's car. However, McClain in his testimony, seemed to disavow a claim of negligence in that regard.

[4] In *Quest*, there were also several other factors indicating a breach of the peace: the deceit (broken promises of the creditor to delay repossession) and

8                    Opinion of the Court                    25-12600

By contrast, the facts here do not support a finding of a breach of peace. Once McClain realized that his car was being towed, he went out to talk to the tow truck driver. Although he said that he had made a payment and that therefore the car should not be towed, McClain did not argue with the driver or protest when the driver told McClain that was between him and the bank. McClain retrieved his belongings and the repossession continued. He even gave the driver his keys. McClain points to the damage to the driveway but the owner of the house testified that the damage was "really superficial" and that "it's no big deal." The photos attached to the complaint show scratches on the driveway that appear to be superficial. Certainly they are not comparable to business records strewn about or a building demolished. The photographs in this case, taken by McClain himself and attached to the complaint, compel the conclusion that the damage complained of is superficial, de minimis. McClain has cited—and our independent search has uncovered—no case in Florida courts that would support a holding that the superficial damage here could by itself convert this peaceful repossession into a breach of the peace.[5] Because

---

evidence that the debtor's consent for the creditor to enter the debtor's premises was not voluntary.

[5] McClain admitted that there was no commotion, no altercation, and no disorderly fight during the repossession.

the damages to the driveway, stones,[6] and lawn were superficial, they did not rise to the level of breaching the peace.

### B. Effect of Alleged Payment

McClain argues that the repossession breached the peace because he told the tow truck driver that he had made a payment on the car. He argues that this exchange belies the district court's finding that there was no altercation. McClain cites a federal district court opinion, *Seibel v. Society Lease, Inc.*, 969 F. Supp. 713 (M.D. Fla. 1997), which in turn relies on *Quest*. In *Quest*, the debtor requested a delay but this was denied, which was one of the factors that that court relied on to reverse judgment as a matter of law. Here, McClain told the driver that he had made a payment and the driver essentially told McClain it was out of his hands and he needed to talk to the bank. McClain did not testify that he told the driver that he needed to wait until he called the bank; instead, he handed over the keys. This did not amount to a breach of the peace.[7]

---

[6] McClain's argument that the district court should be reversed because it neglected to mention in its order that the stones were damaged does not change the analysis, as the district court concluded in its order on motion for reconsideration.

[7] In his brief on appeal, McClain suggests that his conversation with the tow truck driver—i.e. that he had just made a payment on the car—constituted a revocation of the creditor's right to a self-help repossession. In addition to failing on the facts, as noted in the text, this argument fails because it was not preserved for appeal. It was neither pled in a timely manner, nor included in

### C. Florida Consumer Collection Practices Act

McClain argues that the district court erred when it rejected his claim under the FCCPA because it stated that he had not made any arguments to suggest the standard for the definition of debt collector under the FCCPA differed from that under the FDCPA. Under the FDCPA, a repossession agency could only arguably be a debt collector if it breached the peace. McClain now argues that the district court erred because the FCCPA is broader than the FDCPA.

The district court was correct that McClain never made this argument before the court. Although McClain now argues that he did, and cites several pleadings below, he did not. In fact, he argued in his motion for summary judgment that the two laws were identical in the definition of debt collector:

> Here, Count III mimics the allegations of Count I, which alleges a violation of the FDCPA. Thus, since the record demonstrates Rapid Recovery is responsible under the FDCPA, the company is also responsi-

---

the Pretrial Stipulation as a factual issue to be litigated at trial. And this argument was not made by McClain in response to the defense motion for judgment as a matter of law. Indeed, the district court denied McClain's attempt to untimely amend his complaint to add a new legal theory related to this argument.

> ble under the FCCPA. *See* Fla. Stat. 559.72(2) ("In col-
> lecting consumer debts, no person shall: (2) Use or
> threaten force or violence.")

Dist. Ct. Doc. 50 at 13. Because McClain did not distinguish be-
tween the two below, we will not consider his arguments on appeal
or rule that the district court erred when it correctly assessed his
arguments.

For the foregoing reasons, the judgment of the district court
is

AFFIRMED.